### SCHOLL v. SCHOLL.

No. 8992.

United States Court of Appeals
District of Columbia.

Argued Nov. 23, 1945.

Decided Dec. 17, 1945.

CLARK, Associate Justice, dissenting.

Mr. Arthur G. Lambert, of Washington, D. C., with whom Mr. Benjamin L. Tepper, of Washington, D. C., was on the brief, for appellant.

Mr. Jacob N. Halper, of Washington, D. C., with whom Mr. Jack Politz, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK, and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Walter Scholl was plaintiff below. His complaint contained six paragraphs. He alleged that he had been married to Dorothy F. Scholl; that she had deserted him, the desertion continuing for more than two years; that she had sued him for limited divorce on grounds of cruelty, and that after a hearing on the merits, the District Court, on November 15, 1939, had dismissed her complaint. The sixth paragraph of the present complaint reads as follows:

"6. That a piece of property located at 4722 47th Street, N. W., Washington, D. C., is listed in the plaintiff's and defendant's names as joint owners; that the plaintiff herein has contributed all of the monies for the purchase of said property; that pendente lite in the previous divorce action, the defendant herein was permitted to live in said house; that upon the dismissal of her complaint, the defendant herein refused to permit the plaintiff herein to live with her in said house or permit him to reenter or occupy the same; that in, to wit, September, 1940, the defendant herein ceased to occupy the premises and that persons unknown to the plaintiff have occupied said premises since said date under the alleged authority of a lease from the said defendant and have refused to relinquish said premises on the demand of the plaintiff; that when the defendant herein left the premises she removed all of the furniture and household effects which were purchased by the plaintiff herein and that the plaintiff herein has no knowledge as to their whereabouts."

Plaintiff prayed for an absolute divorce, for custody of the minor child and for permission pendente lite to occupy and use the premises at 4722–47th Street, Northwest. He then prayed:

"4. That the joint tenancy of the plaintiff and defendant in the property located at 4722 47th Street, N. W., Washington, D. C., be dissolved and that the said property be awarded absolutely to the plaintiff herein.

"5. And for such other and further relief as to the Court may seem just and proper."

In reply to the above paragraph 6 of the complaint, the defendant Dorothy F. Scholl, the present appellant pleaded as follows:

"6. The defendant admits that title to premises number 4722 47th Street, N. W., located in the District of Columbia, stands in both the names of the plaintiff and the defendant; the defendant denies that the plaintiff paid the sole consideration therefor or that he contributed all of the money for the purchase of the same. Defendant states that she expended money for the maintenance of the property, paid interest on the mortgage and other incidental expenses connected therewith out of earnings in her profession as aforementioned. The defendant states further that inasmuch as the plaintiff made no contribution whatever toward her support or the support of their minor child, he, the plaintiff, agreed with the defendant that she might occupy the aforementioned premises, together with their son."

The defendant further pleaded that by decree properly entered in Florida, five months before the pending action was commenced, she had been granted an absolute divorce from the plaintiff and custody of the child.

By order of the District Court,[1] entered in the present proceeding, with the consent of counsel for both parties, counsel for Dorothy F. Scholl were directed to hold the monies collected as rents from the tenants of the property "until final disposition of the divorce proceedings."

The action came to trial. Walter Scholl testified concerning the furniture, in addition to other matters, and was cross-examined, briefly, on the subject. The court found that the parties had been divorced in Florida in February, 1941, five months prior to the commencement of the pending action. It made the following findings of fact concerning the property, the rents therefrom and the furniture:

---

[1] This order was entered the 26th day of March, 1945, nunc pro tunc the 17th of June, 1943.

674

"11. The plaintiff paid all monies for the purchase of the property, 4722–47th Street, N. W., in the District of Columbia, and all monies for interest and taxes and necessary expenditures amounting to $550.00 as of November, 1943, for the upkeep of said property, with the exception of certain monies that were paid out of the rents collected while Mrs. Scholl was permitted to live in the house during the pendency of Equity Case 65,515 and other expenditures since Mrs. Scholl left the premises, 4722–47th Street, N. W. The rents collected from said property are now being held in trust by counsel for the defendant under orders of the Court.

"The plaintiff has not been permitted to live in the house or get into the house, although as a fact the court finds he has made every effort to keep the property in good condition and keep the taxes and interest up to date.

"Further, the plaintiff has conclusively proven to the Court that he was the sole purchaser of the said property and the plaintiff placed the property in the name of Mrs. Scholl and himself by reason of their marital relationship, but there was no other consideration for placing the property in both names. However, the title to said property is vested in both parties as tenants by the entirety.

"The Court further finds that the plaintiff purchased all of the furniture for their residence amounting to $1260.00 and this furniture was sold by the defendant when she disappeared in September, 1940."

Upon these findings, the court dismissed without prejudice the action for divorce, and reached the following conclusion in respect to the monies and the furniture:

"5. The monies held in trust by counsel for the defendant are to be divided equally between plaintiff and defendant after first paying all current taxes and interest due on the property, 4722–47th Street, N. W., and after making to the plaintiff therefrom an allowance of $275.00, which sum represents one-half of monies advanced by him for the payment of interest and taxes on the property. The defendant's share of said fund will, however, be encumbered with the payment to plaintiff of the amount of $1260.00, representing the value of plaintiff's furniture sold by the defendant, for which judgment will be entered."

The sole question before this court is whether the District Court had power and jurisdiction to enter the judgment which it entered concerning the monies and the furniture.

█ The complaint, as quoted above, pleaded in respect to the ownership of the house, its occupancy and plaintiff's ownership and defendant's removal of the furniture. The answer admitted in part and denied in part the averments respecting the house and its occupancy but neither admitted nor denied the averments concerning the furniture. These latter must, therefore, be taken as admitted. Rule 8(d), Fed. Rules Civ.Proc., 28 U.S.C.A. following section 723c. Testimony on these issues was taken, without objection to the taking.[2]

The ownership of the house, the proceeds from its occupancy, and the disposition of the furniture were clearly issues in the case. Appellant contends that these issues were present and the corresponding testimony was pertinent only in contemplation of the possibility that a decree of divorce might be entered. She says that a decree of divorce having been denied, the court was without power to enter judgment as to the house, the rents or the furniture. She relies upon the section of the District Code which provides:

"Upon the entry of a final decree of annulment or divorce a vinculo, in the absence of a valid antenuptial or postnuptial agreement in relation thereto, all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved and the court, in the same proceeding in which such decree is entered, shall have power and jurisdiction to award such property to the one lawfully entitled thereto or to apportion the same in such manner as shall seem equitable, just, and reasonable." D.C.Code 1940, § 16—409.

Appellant contends that the foregoing provision of the Code, read in conjunction with the common law rule prohibiting the division of property between husband and wife,[3] is, by implication, a prohibition against a decree concerning property in a proceeding for divorce unless the final decree grants a divorce.

We are not required in this case to decide whether a decree awarding property theretofore held in joint tenancy or ten-

2 Appellant later objected to the findings and judgment respecting these items.

3 Appellant cites Closson v. Closson, 30 Wyo. 1, 215 P. 485, 29 A.L.R. 1371.

ancy by the entirety can be entered in an action for divorce if a final decree of divorce is denied leaving the parties as husband and wife. In the case before us, the court found that the parties had already been divorced and were not husband and wife when they came before the court in this proceeding. Therefore, the question here is whether the pleadings constituted an action seeking judgment as to the property, rents and furniture as between parties who were not husband and wife. We think that they did.

Appellee certainly stated a claim in respect to the house, its occupancy under a lease executed by appellant, and in respect to appellant's removal of the furniture. He prayed for judgment awarding the house to him, "And for such other and further relief as to the Court may seem just and proper." Since appellant did not deny the lease or the averments respecting the furniture, she must be deemed to have admitted them. Rule 8(d), Fed.Rules Civ. Proc., supra. She did not object to the taking of testimony on these matters. Under these circumstances, it can hardly be said that the mere failure to include in the complaint a specific prayer relating to the rents and the furniture was a defect which affected the substantial rights of the parties. Rule 54(c) Fed.Rules Civ.Proc., expressly provides that "Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

Rule 8(e)(2) provides that a party may state in one complaint as many claims as he has, whether based on legal or on equitable grounds or on both.

The section of the Code upon which appellant relies contains two provisions. The first, and basic, provision is that upon entry of a final decree of divorce, all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved. That is substantive law respecting property. The second provision is that the court may in that situation, and in the same proceeding, award or apportion the property left without defined ownership by the first part of the statute. Whether, in the instant case, the District statute operated to dissolve the rights of the parties in the property upon entry of the Florida decree, or whether it did not, leaving title by the entirety in parties not husband and wife, is immaterial. In either event the situation called for action by the court. It was appellant who averred that she and appellee had theretofore been divorced and were not husband and wife when they came before the court in this proceeding. It can hardly be denied that the court had jurisdiction and power over property in the District of Columbia as between strangers to each other. The statute upon which appellant relies cannot mean that the District Court is without jurisdiction to determine the ownership of property in the District of Columbia formerly held in tenancy by the entirety by persons divorced by a foreign decree, there being no agreement or other decree respecting the property. Appellant was sustained in her contention as to the relationship of the parties. Upon that premise we see little merit in her contention that the court had no jurisdiction to resolve the disputed ownership of the rents and the furniture.

Appellant says that if the proceeding be considered an action for the disposition of property, pre-trial procedure should have been had and she had a right to trial by jury. We think that, in view of her averment that she was not the wife of the plaintiff in the action, if she wished a jury trial upon the property issues she should have demanded it. She did not do so. Likewise she could have sought pre-trial if she had desired it. Rule 16, Fed. Rules Civ.Proc., 28 U.S.C.A. following section 723c; Rule 11(d), Local Civil Rules of District Court.

Affirmed.

CLARK, Associate Justice (dissenting).

While strong sentiment urges me to concur in the result reached by the majority, I cannot agree that the objectives of sound procedure and ultimate justice are to be achieved by this holding.

The majority opinion is fortified by the doctrine that once equity takes jurisdiction it will go forward to give such relief, both legal and equitable, as may be necessary. In applying this principle to the instant case I differ from the majority by reason of my interpretation of the statute which confers property settlement jurisdiction on the lower court in divorce proceedings.

The policy argument advanced in the majority opinion regarding the statute is indeed well executed, but it appears to me that it does considerable violence to the

cohesive qualities of the statute. Section 409, Title 16, of the District Code is a single sentence, lacing tightly together the award of a divorce decree and the division of property. This language, "* * * the court, *in the same proceeding in which such decree is entered,* shall have power and jurisdiction to award such property * * *", ought not, I think, be split apart by judicial construction. [Italics supplied]

However, I will agree that the prime question in the case is as stated by the majority. In my opinion, not only did the plaintiff's complaint fail to set forth a claim for the relief which was granted, but moreover, the proceedings in the trial court failed utterly to provide a substantial footing for the award which followed. Reading the plaintiff's complaint in its entirety, it seems clear that his recital regarding the furniture was directed toward a showing of the elements incident to a wrongful desertion, i.e., the grounds for the requested divorce. At no point in the pleadings did the plaintiff request or even suggest that he wanted money damages for the loss of the furniture, or a division of the accumulated rents from the realty. The majority opinion disposes of this difficulty by pointing to the Federal Rules of Civil Procedure, [Rule 54 (c)], and to the catch-all prayer, "And for such other and further relief * * *" I cannot conclude that the liberality of the Federal Rules license this laxity of pleading in a situation such as existed before the trial court.[1]

As I view the rule, it was designed to free the court from arbitrary limits of relief established by the pleadings, but it does not follow from this admirable purpose that the Court is empowered to grant relief as to issues not *in fact* litigated by a fair engagement between the parties.

It seems evident that the parties selected the divorce action as the crucial area of litigation. Quite naturally, testimony concerning property rights might be expected as a part of the divorce proceeding. Nevertheless, when the entire theory of the case and its mode of trial were aimed at settling the divorce issue it is at least surprising, and I think here prejudicial to the defendant, for the trial court, in the absence of granting a divorce, to emerge with a judgment for the division of funds and a money judgment that can only be characterized as an award for the conversion of personalty. In view of the statute and the course taken at the trial, the defendant had every right to expect that the property issues would stand or fall with the divorce action.[2]

The majority states that the defendant had ample opportunity to request a jury trial of those issues properly triable to a jury. However, it appears that if she considered those issues at all during the trial she regarded them as inextricably bound to the divorce action. Can the defendant in such a state of affairs reasonably be said to have waived the right to jury trial? As it developed, the defendant probably didn't know the true nature of the litigation until it was too late to request a jury on the conversion feature.

Even though a shift in the theory of the case is permissible under the Rules, it would seem a minimum requirement that the parties be conscious of the shift prior to the time of judgment. The moment of judgment is, I think, a little late to apprise the litigants of such fundamental changes. The trial court might better have called for amended pleadings, thus, giving the parties a genuine opportunity to re-shape their presentations. It is perhaps doubtful if either party anticipated the judgment resulting from this trial.

As a parting point I mention that I regard as erroneous the District Court's computation of the amount recoverable for the loss of the furniture. The plaintiff testified that the goods cost $1267. They were purchased between 1927 and 1936, yet the award was for $1260. This judgment could hardly be the value at the time and place of conversion.

---

[1] It is perhaps interesting to note that on oral argument before this court, Counsel for appellee admitted that his pleadings standing alone would not constitute a good claim for conversion.

[2] Observe also that the lower Court did not undertake to partition the realty in this proceeding.