**HEATH v. HEATH.**

No. 10759.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 7, 1950.

Decided May 24, 1951.

Thomas S. Jackson, Washington, D. C., with whom Louis M. Denit, Ernest L. Wilkinson and Frank C. Kimball, all of Washington, D. C., were on the brief, for appellant.

Frank E. Scrivener, Washington, D. C., for appellee.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Columbia in favor of the appellee on her motion for summary judgment.

The appellee married Dr. A. F. Heath in 1929. In 1934, the premises in question, 1833 Monroe St., N.E., were conveyed to them as husband and wife, as joint tenants. On July 23, 1942, Dr. Heath and the appellee entered into a separation agreement which provided in part, that: "The real estate * * * being now jointly owned by the parties hereto, shall hereafter remain as the joint property of the parties in joint tenancy. * * *"

Toward the latter part of the agreement it was further provided, that: "* * * the real estate * * * shall remain in the joint names of the parties hereto and shall continue to be jointly held and owned by them * * *."

On March 18, 1943, the appellee procured a decree of divorce from Dr. Heath in Florida. Subsequently Dr. Heath married the appellant and died on April 13, 1949. He left a will devising and bequeathing all his property to the appellant if she survived him.

The appellant brought this action to determine whether the divorce by the appellee terminated the tenancy by the entirety which had existed between the appellee and Dr. Heath. If the tenancy by the entirety was dissolved, the appellee and Dr. Heath held as tenants in common, and the undivided one-half interest of Dr. Heath in the property passed by devise to the appellant.

■ Preliminary to the main question in this suit, we have first to determine the nature of the estate herein created. Under the doctrine of Settle v. Settle, 1925, 56 App.D.C. 50, 8 F.2d 911, this Court will continue to construe a conveyance to a husband and wife in joint tenancy as a tenancy by the entirety. Hence, Dr. Heath and the appellee held as tenants by the entirety under the original conveyance.

Section 16-409, D.C.Code (1940) provides: "Upon the entry of a final decree of annulment or divorce a vinculo, in the absence of a valid antenuptial or postnuptial agreement in relation thereto, all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved and the court, in the same proceeding in which such decree is entered, shall have the power and jurisdiction to award such property to the one lawfully entitled thereto or to apportion the same in such manner as shall seem equitable, just, and reasonable."

■ This court has had occasion to construe this code provision in a recent decision Scholl v. Scholl, 1945, 80 U.S. App.D.C. 292, 152 F.2d 672, 676. In that case as here we were confronted with a foreign divorce and Section 409. The majority of the court concluded that Section 409 contained two basic provisions. The first part of the statute was found to be substantive; a final divorce terminated the estate by the entireties unless an agreement had been formulated to the contrary. The second provision of Section 409, as construed by the majority, allows the court when the parties are in that situation to award or apportion the property left without defined ownership by the first part of the statute.

I dissented in the Scholl case. As part of my dissent I urged that the statute should not "be split apart by judicial construction." Needless to say my view was not adopted and the construction adopted by the majority has become the law on this point. Consequently Section 409 applies to property settlement agreements when a foreign divorce has been obtained.

■ This section of the code permits a husband and wife to retain the incidents of a tenancy by the entirety or a joint tenancy after their marriage is dissolved if they so agree. In this instance the parties have agreed to retain this property jointly in joint tenancy. The appellant contends that the interest, a joint tenancy, which Dr. Heath and the appellee sought to preserve is not the same as that which they held, namely a tenancy by the entirety; also that the estate which these parties sought to preserve, i. e., a joint tenancy, did not in fact exist. This position is untenable.

If under the doctrine of the Settle case, supra, the law operates to make the estate originally conveyed a tenancy by the entirety, it must be deemed to have accomplished the same result with any agreement which seeks to preserve the estate originally created when, as here, the same terms are used. This we feel was certainly the intention of Dr. Heath and the appellee.

■ The appellant also presents a statutory construction problem. She contends, and quite incorrectly we feel, that the property settlement agreement must be made "in relation" to the divorce. In other words the appellant feels that the property settlement agreement must contain terms which show not only that the property rights are to be preserved but that the parties contemplate a divorce. As we construe this provision it means

"in relation" to the property rights of the parties. Consequently any agreement which preserves these property rights of the parties is sufficient.

Affirmed.

Judge PROCTOR concurs in the result.