# CARROLL *v.* REIDY.

ESTATES; TENANCY IN COMMON; TENANCY BY THE ENTIRETY.

A conveyance of real estate to a husband and wife to hold as tenants in common, and not as joint tenants, creates in them a tenancy in common and not a tenancy by the entirety.

No. 358.  Submitted November 22, 1894.  Decided December 4, 1894.

HEARING on an appeal by the defendant from a decree of sale in a partition suit.  *Affirmed.*

The COURT in its opinion stated the case as follows:

On May 5, 1880, one Michael B. Harrington, by a deed in fee simple conveyed certain real estate in the city of Washington to Henry Reidy and Elizabeth Reidy, his wife, to have and to hold the same as tenants in common, and not as joint tenants.  Henry Reidy died in January, 1892, intestate and without issue, leaving his wife, Elizabeth Reidy, surviving him, and a brother, Michael Reidy, as his sole heir at law.  Within a month afterwards, in February, 1892, Michael Reidy died, leaving a will by which he devised his estate to his widow, the appellee, Bridget Reidy, for her natural life, with power to her to dispose of it at her death as she might think proper among his then surviving children.  Elizabeth Reidy, the wife of Henry Reidy, and one of the original grantees from Harrington, died in September of 1892, leaving a will by which she devised to her daughter, the appellant, Mary Carroll, all the estate which she had derived from Harrington, with a charge upon it in favor of a son of the testatrix.  So that with regard to the two grantees of Michael B. Harrington, the interest of the husband in the property in question has become vested in the appellee, Bridget Reidy or Rady, for this seems to be merely

a different spelling of the same name, and the interest of the wife has become vested in the appellant, Mary Carroll.

In this condition of things, the appellee, Bridget Reidy, as complainant, filed a bill in equity in the Supreme Court of the District of Columbia for a sale of the property for the purpose of partition. The appellant, Mary Carroll, the principal defendant, set up in her answer that the tenancy in common apparently sought to be created in the deed from Harrington was a nullity; that the estate created by that deed was an estate by the entirety, as it is called, with the right of survivorship in the survivor of the grantees; that as the wife survived the husband, the whole estate conveyed by the deed became vested in her; that the appellant, Mary Carroll, as the representative of the wife, now had that whole estate vested in her; and that, therefore, the complainant was without interest in the premises and had no standing in court.

The cause was heard upon bill, answers and exhibits, and the court below, being of opinion that the deed from Harrington to Henry Reidy and Elizabeth Reidy, his wife, created a tenancy in common between them, and not an estate by the entirety, and decreed a sale of the property, in accordance with the prayer of the bill of complaint. From that decree the defendant, Mary Carroll, appealed to this court.

*Mr. J. Altheus Johnson* for the appellant.

*Mr. R. B. Lewis* and *Mr. B. S. Minor* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

The question in the case is, whether a deed of conveyance in fee simple to husband and wife, expressly declared in what is known as the *habendum* clause of the deed to be a tenancy in common, and not a joint tenancy, does, in fact and in contemplation of law, create a tenancy in common, or the peculiar estate known to the common law as a tenancy by the

entirety, which arises when an estate is conveyed to husband and wife as grantees, and in which there is, as in joint tenancy, the distinguishing feature of survivorship. If the estate created in this case was a tenancy by the entirety, the complainant had no interest in the property and no standing in court. If, on the other hand, the estate was a tenancy in common, the complainant and the defendant were owners each of an undivided half of the property, and as such entitled to partition.

We concur in the determination of the question that was made by the court below. The express language of the deed itself in the *habendum* clause creates a tenancy in common, with all the rights and incidents of such an estate; and if the intention of the parties is to count for anything, they have not left the matter in doubt. But the argument is that a grant or conveyance to husband and wife is, by an inexorable rule of the common law, to be construed in all cases as creating an estate by the entirety; and that it is not competent for them, even by express words in the deed, either in the body of the deed or in the *habendum* clause, to provide that the estate shall be a different estate, a tenancy in common or a joint tenancy. It is claimed that this is an inexorable rule, inherent in the legal relations of husband and wife, under the common law, and which no intention of the parties can contravene.

Undoubtedly there is respectable authority for the appellant's contention, and some show of reason. But we cannot regard either the reason of the rule, if such was the rule, or the force of the authorities, that have been cited on behalf of the appellant, as being applicable in this jurisdiction at the present time.

In the case of *Hunt* v. *Blackburn*, 128 U. S. 464, the Supreme Court of the United States, by Mr. Chief Justice Fuller, said: "Undoubtedly, at common law, husband and wife did not take, under a conveyance of land to them jointly, as tenants in common or as joint tenants, but each became seized of

the entirety, *per tout et non. per my*; the consequence of
which was that neither could dispose of any part without the
assent of the other, but the whole remained in the survivor
under the original grant.   2 Blackstone's Com. 182; 2 Kent's
Com. 113; 1 Washburn, Real Prop. 672.   Nor had this rule
been changed at the time of these transactions by the con-
stitution or statutes of Arkansas.   *Robinson* v. *Eagle*, 29 Ark.
202.   But it was also true at common law that, as 'in point
of fact, and agreeable to natural reason, free from artificial
deductions, the husband and wife are distinct and individual
persons  . . .   when lands are granted to them as tenants
in common, thereby treating them without any respect to
their social union, they will hold by moieties, as other dis-
tinct and individual persons would do.'   1 Preston on Estates,
p. 132; 1 Inst. 187*b*; 1 Washburn, Real Prop. (4th Ed.), p.
674;   *McDermott* v. *French*, 15 N. J. Eq. (2 McCarter)
78, 80."

. The quotation in this opinion from Preston on Estates is
the statement of the common law which was criticised and
repudiated by Assistant Vice Chancellor Hoffman in the case
of *Dias* v. *Glover,* 1 Hoffman's Chan. Rep. 70, 77; and by
the Supreme Court of the State of Pennsylvania in the case
of *Stuckey* v. *Keefe*, 26 Penn. St. 399, as being unsupported
by any authority.   We may say that, if it had no authority
before this to support it, it has now abundant support.   The
authority of the Supreme Court of the United States is suffi-
cient for us.   Moreover, we regard Mr. Preston's statement
as founded in reason and common sense.   There never was
any good reason for carrying the feudal notion of the unity
of husband and wife, which was not the Christian notion, to
the absurd extreme to which it has sometimes been pushed.
We may note, also, that the decision in the case of *Dias* v.
*Glover*, 1 Hoffman's Ch. 70, was overruled by the subsequent
case of *Hicks* v. *Cochran*, 4 Edw. Ch. 111, in which Mr. Pres-
ton's statement of the law was distinctly and unequivocally
adopted; and it is believed that there is nothing in any of

the subsequent decisions in the State of New York antagonistic to the position taken in the latter case.

As is said in the case of *McDermott* v. *French,* 15 N. J. Eq. 78, and by Mr. Washburn in his work on Real Property (4th Ed.), Vol. 1, p. 674, "it is always competent to make husband and wife tenants in common by proper words in the deed or devise by which they take, indicating such an intention." And in *Fladung* v. *Rose,* 58 Md. 13, the Court of Appeals of Maryland, after a full review of all the authorities, including those now cited before us, announced the same doctrine. The last mentioned case, it is true, was one where a joint tenancy was expressly created and not a tenancy in common; but the principle is the same; and the authority of Mr. Preston is fully sustained in that case.

We are of opinion, therefore, without further statement of our analysis of the adjudications that are supposed to bear upon this point, most of which will be found, upon close investigation, not to be inconsistent with the position here assumed, that it is competent, at common law, independently of all married woman's acts, to make husband and wife tenants in common by proper words in the deed under which they take, indicating such an intention. Are there such words, and is there such intention in the deed under consideration in this case? Of this there is not room for doubt. There could not be more apt words than those that are used ; and the intention is too plain to be questioned. And it does not seem to be claimed on behalf of the appellant, and we do not suppose that it could successfully be claimed, that it makes any difference that the words indicating the intention of the parties appear in the *habendum* clause and not in the body of the deed. It is the special function of the *habendum* clause to set forth such limitations. 3 Washburn on Real Property (4th Ed.), Vol. 3, 436.

Inasmuch as from what we have said, it is apparent that we regard the deed in question as creating a tenancy in common under the common law, and not a tenancy by the

entirety, it is unnecessary to inquire what the effect is upon such deeds of the so-called Married Woman's Act in force in the District of Columbia, the act of Congress of April 10, 1869 (16 St. 45), incorporated into the Revised Statutes of the United States for the District of Columbia as Sections 727 to 730. But we may remark that, whatever may have been the case at common law, it was the plain purpose of that act to destroy the fictitious unity of person upon which, at common law, the peculiar estate by entirety was based. It is argued quite plausibly, on the part of the appellant, that the effect of that legislation was merely to enlarge the power of a married woman to dispose of her estate, not to enlarge the estate that might be granted to her. For if an estate by the entirety is granted to her, she cannot, by virtue of the statute, dispose of it as a tenancy in common.

But the answer to this is, that the spirit and purpose of the Married Woman's Act are to destroy the arbitrary and fictitious unity of husband and wife upon which the peculiar estate of a tenancy by the entirety was founded. The peculiarity of a tenancy by the entirety did not consist so much in the nature and extent of the estate conveyed, as in the absence of capacity on the part of either husband or wife to dispose of it without the concurrence of the other. When that incapacity is removed, and when husband and wife are, by the statute, virtually constituted separate and independent persons in respect of their rights of property, there is no reason to limit the power of disposal which the statute confers. Most undoubtedly there is no longer any reason to hold that, under the statute a wife may not be a tenant in common with her husband, if the deed of conveyance of the estate specifically so provides.

In the case of *Fladung* v. *Rose*, 58 Md. 13, already cited, the Court of Appeals of Maryland, construing the statute of that State, which is not perhaps as broad in that respect as our own, said: "Modern legislation in this country has to a very great extent removed the common law disabilities of

married women, and in this respect the statute law of Maryland is quite as liberal, and has gone quite as far, as that of most of her sister States. By our code, all the property belonging to a married woman at the time of her marriage and all she may thereafter acquire and receive, is not only protected from the debts of her husband, but she is empowered to hold it for her separate use, to devise it as if she were a *feme sole,* and to convey it by a joint deed with her husband; the necessity of a trustee to secure to her the sole and separate use of her property is dispensed with; and she can sue by next friend in a court of law or equity in all cases for the recovery and protection of her property as fully as if she were unmarried. In view of these provisions, it seems unreasonable to say that the legal unity and oneness of man and wife, upon which the peculiar tenancy by entireties was founded, still continues just as it existed at common law. . . . Where the intention is manifest, and apt words are employed to create a tenancy in common or a joint tenancy, we are of opinion that in this State husband and wife are now capable of taking and holding as tenants in common or as joint tenants, according to the express terms of the grant; and if at common law they were incapable of so taking and holding, the effect of our statute law is to remove that incapacity."

Much more is this applicable to the statute law of the District of Columbia, which, as we have intimated, is even more forcible than the statute law of Maryland in its assertion of the absolute right of married women to hold and control and dispose of their separate estates with entire independence of their husbands. We do not think that married women were under any disability at the common law from becoming tenants in common with their husbands under deeds of conveyance in which apt words were used to create such a tenancy, and the intention to create it was manifest. And we are satisfied, that, if any such disability

5 Ct. App.—5

did exist, it was the purpose and effect of our Married Woman's Act to remove it.

We are of opinion that the decision of the court below in this case was right, and that its decree should be affirmed; *and it is accordingly affirmed, with costs.*