## SETTLE v. SETTLE.

(Court of Appeals of District of Columbia. Submitted October 6, 1925. Decided November 2, 1925.)

No. 4199.

1. **Husband and wife ⚫⇒14(6)—Conveyances to husband and wife held to create estates by the entireties, and not joint tenancy.**

Deeds conveying part of land to husband and wife "and the survivors of them, as joint tenants, in fee-simple interests in equal shares," and remainder to them "as joint tenants, in fee-simple titles of equal interests therein," *held* to create estates by the entireties, and not a joint tenancy.

2. **Husband and wife ⚫⇒14(6)—Words creating joint tenancy will give husband and wife "tenancy by the entireties."**

Words of conveyance, which would make other grantees joint tenants, will make husband and wife tenants by the entireties, which tenancy is essentially a joint tenancy, modified by common-law theory that husband and wife are one person.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Entirety (Estate by).]

3. **Husband and wife ⚫⇒14(8)—Tenancy by the entireties, in District of Columbia, not modified by Married Woman's Act, nor abolished by statute.**

Common-law doctrine of tenancy by the entireties, adopted in District of Columbia, was not modified by Married Woman's Act, nor abolished by Code, § 1031, declaring that estates granted to two or more persons, including estates granted to husband and wife, shall be tenancy in common, unless expressly declared to be a joint tenancy.

Appeal from the Supreme Court of District of Columbia.

Suit for partition by Harry T. Settle against Anna Edith Settle. Decree for defendant, and plaintiff appeals. Affirmed.

G. C. Gertman, of Washington, D. C., for appellant.

W. W. Millan and R. E. L. Smith, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant and appellee are husband and wife, and the sole question in the case is whether either one is entitled to a partition of certain real estate situate within the District of Columbia, now owned by them in undivided interests.

The title to the property was acquired by the parties during coverture by conveyances from Joseph H. Amberger and wife. On August 11, 1919, a written contract was executed by and between the Ambergers and Harry Thomas Settle, the appellant, whereby upon certain considerations the former covenanted to convey said property to the latter "in full and fee-simple title," covenanting furthermore "that the conveyance to be made as named to the said Harry Thomas Settle, if made, shall be made to him with his wife, Anna Edith Settle, and the survivor of them, as joint tenants in fee-simple titles of equal interests in the land conveyed in such conveyance." The Ambergers thereupon executed and delivered two deeds of conveyance to Harry Thomas Settle and Anna Edith Settle, his wife. The first deed granted a part of the property to them, "and the survivor of them, as joint tenants, in fee-simple interests in equal shares in said land." The second deed granted the remainder to them "as joint tenants, in fee-simple titles of equal interests therein."

On May 16, 1924, the appellant, as plaintiff, brought suit against his wife for a partition of the lands, setting out the foregoing facts. Upon motion of the defendant the court dismissed the bill, holding that the parties were tenants by entireties in the lands, and accordingly that neither was entitled to a partition thereof. The appellant now challenges this ruling, contending that the parties hold the property as joint tenants, but not by the entirety, and that he is entitled to a partition of it. This presents the sole question in the case.

[1] We agree with the decision of the lower court. In our opinion, under such conveyances, husband and wife take as tenants by the entirety at common law, and this rule still prevails in the District of Columbia. "Undoubtedly, at common law, husband and wife did not take, under a conveyance of land to them jointly, as tenants in common or as joint tenants, but each became seized of the

entirety, per tout, et non per my, the consequence of which was that neither could dispose of any part without the assent of the other, but the whole remained to the survivor under the original grant." Mr. Chief Justice Fuller, in Hunt v. Blackburn, 128 U. S. 469, 9 S. Ct. 126, 32 L. Ed. 488, citing 2 Bl. Com. 182; 2 Kent's Com. 113; 1 Washburn, Real Prop. (4th Ed.) 672.

[2] The tenancy by entireties is essentially a joint tenancy, modified by the common-law theory that husband and wife are one person. Tiffany, Real Property, vol. 1, § 194. One of the principal common-law rules of construction in relation to such tenancy is that the same words of conveyance which would make other grantees joint tenants will make husband and wife tenants by entireties. Green v. King, 2 W. Bl. 1211. Hence at common law, under a conveyance to husband and wife as "joint tenants," they do not take as simple joint tenants, but as tenants by entireties. In such case a petition for the partition of the property will not lie. Hoag v. Hoag, 213 Mass. 50, 99 N. E. 521, Ann. Cas. 1913E, 886.

[3] It is plain that, if the common-law doctrine of tenancy by entireties, as above defined, prevails in the District of Columbia, the appellant is not entitled to a partition of these lands. It cannot be disputed that this doctrine was imported into the early common law of the District, but it has been contended that it was first modified by the Married Woman's Act, and afterwards abolished by section 1031 of the District Code.

In Loughran v. Lemmon, 19 App. D. C. 141, 147, this court said: "There is nothing in the Married Woman's Act [16 Stat. 45], in force in this District, that in any way defeats or destroys the common-law estate by entireties, as that estate subsists between husband and wife by purchase. The estate exists as at the common law, unaffected by statute."

Subsequently to the decision just cited Congress enacted section 1031 of the District Code, reading as follows:

"Sec. 1031. *Tenancies in Common and Joint Tenancies.*—Every estate granted or devised to two or more persons in their own right, including estates granted or devised to husband and wife, shall be a tenancy in common, unless expressly declared to be a joint tenancy; but every estate vested in executors or trustees, as such, shall be joint tenancy, unless otherwise expressed."

This enactment was in force in the District at the date of the conveyances now in question, and it is contended that it effectually abolished tenancy by entireties within the District of Columbia. We cannot agree with this contention. The section does no more than provide that express terms are necessary in order to create a joint tenancy rather than a tenancy in common, whether in conveyances to strangers or to husband and wife, but it makes no attempt to define or change the incidents or effect of either of these kinds of tenancy. Consequently such tenancies, when created consistently with the requirements of the section, have the same effect as before its enactment. If Congress had intended to abolish tenancies by entireties in the District, it is safe to assume that the intention would have been expressed in more specific terms than those used in section 1031, especially in view of the repeated decisions of the courts of the District upon the subject.

It is contended for the appellant that this conclusion is contrary to the doctrine declared in Fladung v. Rose, 58 Md. 13, and Carroll v. Reidy, 5 App. D. C. 59. In the former case it was held that where the intention is manifest, and apt words are employed to create a tenancy in common or a joint tenancy, husband and wife in Maryland are now capable of taking and holding as tenants in common or as joint tenants, according to the express terms of the grant. In the case of Carroll v. Reidy, supra, this court held that a conveyance of real estate to a husband and wife to hold as tenants in common, and not as joint tenants, creates in them under the laws of the District of Columbia a tenancy in common, and not a tenancy by the entirety.

The issue involved in the case of Carroll v. Reidy was not identical with that presented by the present case, and in so far as the opinions expressed therein differ from our present conclusion they have been departed from by the courts of the District in a succession of more recent cases, which have established a generally recognized rule of property in the District such as should not readily be disturbed. Alsop v. Fedarwisch, 9 App. D. C. 408, 416; Krous v. Krous, 41 W. L. Rep. 71; Marshall v. Lane, 27 App. D. C. 276; Flaherty v. Columbus, 41 App. D. C. 525; Moore v. Moore, 278 F. 1017, 51 App. D. C. 304.

The decree of the lower court is affirmed, with costs.