AMERICAN WHOLESALE CORPORATION et al. v. ARONSTEIN et al.

(Court of Appeals of District of Columbia. Submitted January 6, 1926. Decided February 1, 1926.)

No. 4275.

I. Fraudulent conveyances ⟲57(5)—Husband and wife ⟲14(11)—Conveyance before insolvency to husband and wife as tenants by the entireties, and conveyance of husband's interest to wife after insolvency, held not in fraud of creditors.

Where land purchased by husband while solvent was conveyed to him and his wife as tenants by the entireties, subsequent creditors could not attack conveyance on ground that wife paid no part of purchase price, nor could they attack husband's later conveyance to wife of his interest while insolvent, since such interest could not be subjected to satisfaction of their claims.

2. Husband and wife ⟲14(10)—Partition ⟲12(1)—Neither husband nor wife can convey interest in estate by the entireties without the other's consent, nor enforce partition thereof.

Neither husband nor wife can convey interest in estate by the entireties to a stranger without consent of the other, nor enforce partition without the other's consent.

3. Husband and wife ⟲14(2)—Essentials of "estate by the entireties" stated.

In "estate by the entireties" there must be unity of estate, unity of control, and unity in conveying or incumbering it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Entirety (Estate by).]

4. Husband and wife ⟲14(11)—Judgment against husband not lien on land held as tenant by the entireties.

Judgment against husband is not lien on land held by him as tenant by the entireties, nor can his interest therein be sold under execution.

Appeal from Supreme Court of District of Columbia.

Suit by the American Wholesale Corporation and another against Aron Aronstein and others. From a decree of dismissal, plaintiffs appeal. Affirmed.

A. M. Schwartz, of Washington, D. C., for appellants.

A. L. Newmeyer and M. W. King, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decree dismissing a creditors' bill, brought by appellants as judgment creditors of Aron Aronstein, seeking to set aside certain conveyances of real estate made by him to his wife, Yette Aronstein, as in fraud of his creditors, and to subject the estate so conveyed to the payment of their judgments. The controlling facts in the case are beyond dispute.

In the year 1920 Aron Aronstein purchased and with his own money paid for two separate parcels of real estate, situate within the District of Columbia, one of which was used by him and his family as a residence and retail store; the other was an apartment house which was rented for about $350 a month. The property was conveyed to Aronstein and his wife by deeds of conveyance under which they became tenants by the entireties. It does not appear that Aronstein was insolvent at that time.

Afterwards, to wit, in the year 1923, Aronstein became indebted to the appellants, respectively, upon certain promissory notes, which in the year 1924 were reduced to judgment and are yet unpaid. In the year 1923, Aronstein, being then liable upon said notes and being then insolvent, executed and delivered to his wife two several deeds, purporting to convey to her his interest in the real estate above referred to.

The appellants charge that the aforesaid original conveyance to Aronstein and his wife was a fraud upon his creditors, for the reason that she paid no part of the consideration for the property; also that the conveyance subsequently made by Aronstein to his wife for his interest in the property was without consideration, and was made with intent to hinder, delay, and defraud appellants in the collection of their claims. They pray that the deed of conveyance to Aronstein and his wife be "modified of record to show the fee-simple title in the said defendant, Aron Aronstein, subject to the dower rights of his wife, Yette Aronstein"; that the conveyance from Aronstein to his wife for his interest in the property be set aside; that a receiver be appointed to collect the rents and profits of the properties; and that the property, or Aronstein's interest therein, be sold, and the proceeds applied to the payment of appellants' claims.

[1] We think that the decree dismissing the bill was right. At the time when the original conveyance was made to Aronstein and his wife, the former was solvent, and moreover the claims of the appellants against him were not then in existence. Accordingly the appellants cannot attack that conveyance. As to the conveyance subsequently made by Aronstein to his wife, the estate was held by them as tenants by the entireties, and the appellants were not entitled to subject the separate interest of Aronstein to the payment of their claims. His conveyance to his wife accordingly could not hinder or delay them in the collection of their judgments.

[2, 3] Under the doctrine of estates by the entireties, neither husband nor wife may convey any interest in the estate to a stranger without the consent of the other, nor can either enforce a partition thereof without the other's consent. Settle v. Settle (D. C. Sup.) 52 Wash. Law Rep. 433. From the nature of such an estate there must be unity of estate, unity of control, and unity in conveying or incumbering it; hence a mortgage executed by the husband is void. Chandler v. Cheney, 37 Ind. 391. The husband has no interest in either the fee or the usufruct of the estate which may be taken in execution for his sole claim. Corinth v. Emery, 22 A. 618, 63 Vt. 505, 25 Am. St. Rep. 780; Dickey v. Converse, 76 N. W. 80, 117 Mich. 449, 72 Am. St. Rep. 568.

[4] A judgment against the husband is not a lien on the land, nor can his interest be sold under an execution. The husband and wife, holding as tenants by the entirety, may convey the estate to a purchaser free and clear from an outstanding judgment against the husband; such judgment not constituting a lien on the land, or on the interest of the husband therein. Jordan v. Reynolds, 66 A. 37, 105 Md. 288, 9 L. R. A. (N. S.) 1026, 121 Am. St. Rep. 578, 12 Ann. Cas. 51. In Bruce v. Nicholson, 13 S. E. 790, 109 N. C. 202, 26 Am. St. Rep. 562, it was held that, where husband and wife hold lands by entireties, neither can convey or incumber the estate without the assent of the other, nor can the interest of either become subject to the lien of a judgment, or to any proceeding to sell for the satisfaction thereof during their joint lives. In Almond v. Bonnell, 76 Ill. 537, it was held, where land is held by husband and wife as tenants by the entirety, as at the common law, the sale of the same on execution against the husband, followed by a sheriff's deed, will fail to pass any title. In Beihl v. Martin, 84 A. 953, 236 Pa. 519, 42 L. R. A.

(N. S.) 555, it was held that, where a husband and wife hold an estate in land by entireties, their joint deed is sufficient to pass title in the land free from the effect of bankruptcy proceedings and judgments against the husband, and free from any contingent interest or ownership therein by the trustee in bankruptcy, in the event of the bankrupt surviving his wife. See, also, In re Beihl (D. C.) 197 F. 870.

We have been cited to other authorities, which are partly or wholly inconsistent with those above referred to, but upon a consideration of all of them we conclude that no relief can be afforded to the appellants in this case, since in effect they are seeking to enforce execution for the collection of their judgments against an estate which from its nature is not subject to such a process.

The decree of the lower court is affirmed, with costs.