### HERB et al. v. GERSTEIN et al.
### Civil Action No. 11989.

District Court of the United States for the District of Columbia.

Nov. 10, 1941.

Henry Gilligan and James A. Crooks, both of Washington, D. C., for plaintiffs.

George E. C. Hayes and Philip W. Thomas, both of Washington, D. C., for defendants.

PINE, Justice.

Defendants have moved to dismiss the complaint on the ground that it fails to state a claim against defendants upon which relief can be granted.

Briefly stated, plaintiffs allege as follows:

They are the owners of certain lots in Square 3047 improved by premises known as 631, 639, 641 and 647 Irving Street, Northwest, and are persons of the white race. Defendant Gerstein is the record owner of lot No. 137 in the same Square improved by premises known as 645 Irving Street, Northwest. The other two defendants, Robert L. Lewis and Helen Lewis, are the occupants of the last mentioned property and are of the negro race. A

deed has been executed by defendant Gerstein to the other defendants conveying the last mentioned property to the other defendants, which deed has not been recorded.

In 1930 the then owners of the properties on the north side of Irving Street between Fifth Street and Georgia Avenue, being parts of the Square in which the plaintiffs' property is located, entered into an agreement by the terms of which each with the other and for their respective heirs and assigns, covenanted that no part of the land owned by the parties to the agreement should ever be given, occupied, sold or conveyed to persons of the negro race or blood and that this covenant should run with the land and bind the parties thereto and their heirs and assigns for the period of twenty-one years from its date.

This agreement was recorded among the land records of the District of Columbia on January 23, 1930, in Liber 6413, folio 423 et seq.

Defendant Gerstein became the owner of Lot No. 137 by virtue of a deed from David and Lena Rabineau, husband and wife, dated March 21, 1941, wherein the following language appears: "* * * Subject to the covenants created by Agreement recorded in Liber 6413 at folio 423 among the Land Records of the District of Columbia that no part of said land shall ever be used or occupied or sold, conveyed, leased, rented or given to negroes or any person or persons of the negro race or blood, and said covenants to run with the land and be binding for a period of 21 years from and after January 22nd, 1930. * * *"

David and Lena Rabineau were owners as joint tenants of this lot, but only David Rabineau signed the agreement beforementioned.

Plaintiffs seek to enjoin defendants Robert L. and Helen Lewis from occupying these premises and pray that the deed from Gerstein to the other defendants be cancelled.

■ The validity of agreements containing such covenants has been upheld in this jurisdiction. Corrigan v. Buckley, 55 App.D.C. 30, 299 F. 899; Id., 271 U.S. 323, 46 S.Ct. 521, 70 L.Ed. 969.

■ David and Lena Rabineau, husband and wife, being joint tenants, held the property as tenants by the entirety. Lena Rabineau not being a party to the agreement containing the restrictive covenant, their lot (No. 137) was not affected thereby and therefore this action cannot be based on such agreement. Settle v. Settle, 56 App.D.C. 50, 8 F.2d 911, 43 A.L.R. 1079; Ades v. Caplin et al., 132 Md. 66, 103 A. 94, L.R.A.1918D, 276.

■ The inclusion of the provision in the deed by the Rabineaus to Gerstein, above quoted, that the conveyance was subject to the covenant created by the agreement referred to, presents for determination whether the plaintiffs, not in privity, may enforce such provision. From an examination of the authorities it appears that restrictive covenants in a deed, to be enforceable by a third party, must be shown to have been put on the defendant's property for the benefit of the land owned by the third party, and that in determining this question the court must endeavor to arrive at the intention of the parties who originally created the restriction. Toothaker v. Pleasant, 315 Mo. 1239, 288 S.W. 38, 42; Osius v. Barton, 109 Fla. 556, 147 So. 862, 88 A.L.R. 394; Gibert v. Peteler, 38 N.Y. 165, 97 Am.Dec. 785; 81 A.L.R. 1272, 1288, 1289, 1306; 12 Am.Juris. 823.

■ That the 1930 agreement was expressly referred to in the deed with liber and folio numbers is significant, but the circumstances surrounding the insertion of this covenant in the deed, e.g., whether the Rabineaus, who were selling lot No. 137, owned other property in the neighborhood, for the benefit of which they desired restriction, may throw light upon their intention when creating the restriction. Peugh v. Davis, 96 U.S. 332, 24 L.Ed. 775. I am therefore of the opinion that the plaintiffs should be given the opportunity to establish, if they can, that the covenant in the deed was imposed upon the Rabineau lot for the benefit of plaintiffs, and under these circumstances, the motion to dismiss should be denied. An order will be entered accordingly.