Erma HOGAN, Appellant,

v.

John R. HOGAN, Appellee.

No. 13748.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 15, 1957.

Decided Nov. 27, 1957.

Mr. John J. O'Brien, Washington, D. C., submitted on the brief for appellant.

No brief was filed for appellee. Mr. Wesley S. Williams, Washington, D. C., entered an appearance for appellee.

Before PRETTYMAN, WASHINGTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant is the wife of appellee. She sued in the District Court for an absolute divorce on the ground of desertion. She also alleged in her amended complaint that she and her husband "are buying the home, the premises 208–49th St., N. E., and * * * said premises are owned jointly by your plaintiff and defendant * * *." She prayed "[t]hat property rights be determined in the property. * * *" At the hearing the court denied the divorce but decreed that title to the property jointly owned by plaintiff and defendant be vested in the defendant husband, and appointed trustees to transfer the title to the property to him. The wife appeals.

We cannot say on the record before us that the action of the trial court in refusing the divorce was improper. The ruling of the trial court on that point is affirmed.

This leaves for determination the question whether, where the District Court (or the Municipal Court, which now has jurisdiction over divorce cases) [1] refuses a divorce, it has power or authority to partition or award to one spouse real property [2] which is titled by the entireties. We think that no such power or authority exists.

We have held that when property is conveyed to spouses jointly, they own it by the entireties and, without the consent of both spouses, it cannot be partitioned by a court in the absence of a divorce.[3]  See Settle v. Settle, 1925, 56

1. Title 11, §§ 758–70, D.C.Code 1951 (Supp. V) ; 70 Stat. 111, ch. 204, ¶¶ 101–114 (1956).

2. And perhaps personal property also. Cf. Tendrich v. Tendrich, 1951, 90 U.S. App.D.C. 61, 193 F.2d 368, although no personal property is apparently involved here.

3. The entry of a final divorce decree dissolves the joint tenancy or tenancy by the entireties, and the court then has power to award the property under § 16–409, D.C.Code 1951. Most of our cases have involved the situation where a decree of final divorce was entered. See, e. g., Scholl v. Scholl, 1945, 80 U.S.

App.D.C. 50, 8 F.2d 911; cf. Tendrich v. Tendrich, supra at note 2, where we recognized the Settle rule but authorized partition in connection with the granting of a limited divorce.[4] It would seem that if property held by the entireties cannot be partitioned, *a fortiori* it cannot be awarded in its totality to one tenant, or in part (depending on the amount each may have contributed toward its purchase price) to each, while the marriage is undissolved and there has been no decree of absolute or limited divorce. It is understandable that where parties to a marriage have separated, but no grounds for absolute or limited divorce exist, one of them may be unwilling to continue to have their property held in entireties, with the consequent element of survivorship involved; but this is one of the consequences of the marriage status. When both parties so situated agree to have their marital rights in each other's property (inchoate right of dower, curtesy or similar interests in each other's real and personal estate) eliminated, this may be arranged between them. But where there is no consent, and no divorce, the courts are powerless. Here the parties are, by the judgment denying the divorce, in the same situation as they were prior to the filing of the suit.

In the instant case, the wife included in her amended complaint a prayer that property rights in jointly held property be determined, and this could be taken as consent by her that the tenancy be broken in the event a divorce was granted. But the husband's consent was lacking; he merely asked that the complaint be dismissed, thus nullifying the idea of any consent on his part, this whether or not he is now satisfied with the award made to him.

The decision of this court in Murphy v. Murphy, 1955, 95 U.S.App.D.C. 220, 221 F.2d 90, is not to the contrary. It is true that there the District Court had denied a divorce and denied an adjudication sought by the wife with respect to real estate which originally and before the marriage had stood in her name as sole owner and which, after the marriage, was conveyed to her and her husband as tenants in common. We reversed. Murphy is distinguishable from the instant case in that the property dealt with was property held by the spouses as tenants in common.[5] There, too, it was apparently understood that title held by the entireties could not be changed in the absence of divorce.[6]

Nor is Holcomb v. Holcomb, 1954, 93 U.S.App.D.C. 242, 209 F.2d 794, to the contrary. Holcomb did not involve property held by the entireties nor even property held by the spouses as tenants in common. The property involved there was held in the husband's name alone, and the suit included an attempt to enforce a settlement agreement, which had provided that the real estate was to be conveyed to the wife. Holcomb does hold that a wife's right to an adjudication of her rights in her husband's property does not flow from her right to a divorce but must be based upon a claim of title wholly independent of divorce and the concomitant award of permanent alimony. In Holcomb this independent

App.D.C. 292, 152 F.2d 672, where Judge Prettyman noted, pp. 294–95, that the court was not presented with a situation where there was no divorce; Wheeler v. Wheeler, 1951, 88 U.S.App.D.C. 193, 188 F.2d 31; Heath v. Heath, 1951, 89 U.S.App.D.C. 68, 189 F.2d 697. Cf. also Reilly v. Reilly, 1950, 86 U.S.App.D.C. 345, 182 F.2d 108; and Tendrich, supra note 2.

4. Fairclaw v. Forrest, 1942, 76 U.S.App. D.C. 197, 130 F.2d 829, 143 A.L.R. 1154, certiorari denied 1943, 318 U.S. 756, 63 S.Ct. 531, 87 L.Ed. 1130; which discusses the nature of tenancy by the entireties; and cf. § 16–1301, D.C.Code (1951), authorizing an equity court to decree partition upon the petition of "any joint tenant" but not of any tenant by the entireties.

5. A conveyance of real estate to a husband and wife to hold as tenants in common creates in them a tenancy in common and not a tenancy by the entireties. Carroll v. Reidy, 1894, 5 App.D.C. 59.

6. See note in Murphy, supra.

claim was based on the settlement agreement. It therefore follows that Holcomb has no application to property held by the entireties, which under the decisions herein cited has a special status.

Accordingly, that part of the judgment of the District Court awarding the property to the appellee is reversed.

We express no opinion as to the merits of the claim of the wife if and when either party hereafter obtains a judgment of limited or absolute divorce. Any decision on that point will abide such an eventuality.

Affirmed in part; reversed in part.