Charles H. RIDGELY, Appellant,

v.

Ruth M. RIDGELY, Appellee.

No. 3139.

District of Columbia Court of Appeals.

Argued Dec. 17, 1962.

Decided Feb. 21, 1963.

Robert F. Sutphin, Washington, D. C., for appellant.

Alfred S. Fried, Washington, D. C., with whom Harold J. Rogers, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

A husband appeals from an order awarding maintenance to his wife and requiring him to convey to her a half interest in their joint bank account and a half interest in Maryland real estate owned by them as tenants by the entireties.

A preliminary claim of error is that the trial court failed to make the findings of fact and conclusions of law required by Rule 11 of the Domestic Relations Branch. This claim is without merit. The rule does not require oral findings and any inadequacy in the oral findings was cured by the written findings of fact and conclusions of law signed by the trial court. The written order included the essential findings that the wife was justified in leaving the marital abode and that the husband, although able to do so, had failed and refused to support her.[1] Implicit in the written findings was the court's oral finding that the husband had condoned the wife's misconduct. All these findings have support in the record and will not be dis-

1. Miller v. Miller, D.C.Mun.App., 180 A.2d 888.

turbed on appeal. The award of counsel fees, claimed to be excessive, reflects no abuse of discretion.

The substantive question on this appeal is whether, as appellant argues, the trial court lacked authority to order a division of the joint bank account and the jointly held real estate. The wife's complaint did not seek this relief, but her interest in the savings account and the real estate was fully explored at trial without objection by the husband.

█ It is the rule in this jurisdiction that a conveyance to husband and wife jointly creates a tenancy by the entireties and that, as long as the parties are united in marriage, property so held cannot be partitioned by a court without the consent of both spouses. For the common law background of the rule, see Settle v. Settle, 56 App.D.C. 50, 8 F.2d 911, 43 A.L.R. 1079. Maryland also retains the tenancy by the entireties in its common-law form. See Columbian Carbon Company v. Kight, 207 Md. 203, 114 A.2d 28, 51 A.L.R.2d 1232; Foland v. Hoffman, 186 Md. 423, 47 A.2d 62.

█ Our Code[2] provides that upon entry of a final decree of annulment or divorce a vinculo, all property rights in joint tenancy or tenancy by the entirety shall stand dissolved, and the court is empowered to award the property to the one lawfully entitled thereto or to apportion it. Subsequent to the enactment of the Code section it was held that the United States District Court for the District of Columbia, which at that time had jurisdiction over domestic relations actions, in the exercise of its general equity power could partition jointly held property incident to the granting of a limited divorce. Reilly v. Reilly,

86 U.S.App.D.C. 345, 182 F.2d 108, cert. denied 340 U.S. 865, 71 S.Ct. 90, 95 L.Ed. 632; Tendrick v. Tendrick, 90 U.S.App. D.C. 61, 193 F.2d 368. Where, however, no divorce, absolute or limited, is granted the court has no power or authority to partition or award to one spouse real or personal property held by the entireties. Hogan v. Hogan, 102 U.S.App.D.C. 87, 250 F.2d 412.

When jurisdiction over domestic relations cases was transferred from the District Court to the Municipal Court (now the Court of General Sessions), there was some doubt whether the Municipal Court had power to partition jointly held property incident to the granting of a limited divorce, since the Municipal Court lacked the general equity jurisdiction of the District Court. This doubt was removed by the amending act of September 9, 1959,[3] which we ruled, in Posnick v. Posnick, D.C. Mun.App., 160 A.2d 804, was broad enough to give the Domestic Relations Branch of the trial court authority, in a divorce action, to adjudicate all property disputes between the parties.

It is our opinion, however, that the 1959 amendment did not confer upon the Domestic Relations Branch a power greater than that exercised by the District Court, that is, it did not authorize partition of jointly owned property when no divorce is granted, unless the parties consent thereto. The amendment did not abrogate the substantive law relating to termination of a tenancy by the entireties stated in Hogan v. Hogan, 102 U.S.App.D.C. 87, 250 F.2d 412.[4]

In the present case, no divorce, absolute or limited, was granted, and the court had no authority to order a division of the jointly held property. We do not reach the ques-

2. Code 1961, § 16–409.

3. Code 1961, § 11–762.

4. Plater v. Plater, D.C.Mun.App., 172 A.2d 142, is not to the contrary. In that case there was no dispute that the funds on

deposit were personal funds of the husband. The mere fact that he deposited them in the name of himself and his wife did not establish a joint tenancy. Imirie v. Imirie, 100 U.S.App.D.C. 371, 246 F.2d 652, and cases there cited.

tion whether under any circumstances the trial court could order a division of Maryland real estate. See Millar v. Millar, 200 Md. 14, 87 A.2d 838.[5] If the trial court could not partition District of Columbia realty, it certainly had no such power over Maryland realty.

The judgment granting maintenance and counsel fees is affirmed; in all other respects the judgment is reversed.

---

**5.** In Maryland a divorce a mensa does not affect title to property held by the entireties; but where an absolute divorce is granted, such property is then held by the parties as tenants in common. Keen v. Keen, 191 Md. 31, 60 A.2d 200.