James A. TRAVIS, Appellant,

v.

Eleanor M. BENSON, Appellee.

Eleanor M. BENSON, Appellant,

v.

James A. TRAVIS, Appellee.

Nos. 9494, 9495.

District of Columbia Court of Appeals.

Argued Dec. 3, 1975.

Decided July 14, 1976.

Robert Sheriffs Moss, Washington, D.C., with whom Paul H. Gantt, Washington, D.C., was on the brief, for James Travis. Robert L. Polk, Washington, D.C., also entered an appearance.

Louis Ginberg, Washington, D.C., for Eleanor M. Benson.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

This case involves an appeal and cross-appeal from an order of the Family Division of the Superior Court awarding the husband's interest in two lots, situated in the District of Columbia and jointly owned by the parties as tenants by the entirety, to his former wife in satisfaction of his obligation to support her under the terms of a property settlement agreement. The husband has appealed the order of the trial court transferring his interest in the property to his former wife, and the wife has cross-appealed from the order of the trial court discharging the husband's obligation to support her under the agreement. We affirm.

The parties, James A. Travis and Eleanor M. Benson (formerly Eleanor M. Travis), were married in 1944. During their marriage, the parties acquired as tenants by the entirety two lots situated in the District of Columbia at 2123 Twining Court, N.W. The parties were separated in 1960. In 1961, they entered into a property settlement agreement which provided that the Twining Court property would be owned by them as tenants by the entirety "as long as they both shall live, or until such time as they both agree to the sale thereof." The agreement stipulated that the property would continue to be held by them as tenants by the entirety, notwithstanding a future decree of divorce. The agreement also provided that the husband was obliged to support his wife in the amount of $215 per week or one-half of the net rental income from the property, whichever was greater, for a period of twenty-three years. The stated purpose of this arrangement was "to provide the Wife with an independent income so long as she may live, regardless of divorce or remarriage, and to permit her to meet the obligation, assumed by her under the provisions of [the] agreement, to support, maintain and educate the minor children of the parties." In 1962, the parties were divorced by a Maryland decree of absolute divorce which did not mention the property settlement agreement, but ordered the husband to pay the sum of $215 per week as alimony.

The husband failed to fulfill his support obligations under the property settlement agreement, and the wife obtained four money judgments in the Family Division against the husband for his failure to pro-

vide support as agreed. These judgments remain unsatisfied. The wife brought this action seeking yet another money judgment for arrears under the property settlement agreement, as well as an award to her of the husband's interest in the Twining Court property to compensate her for overdue support payments and to discharge the unsatisfied judgments against the husband.

The husband's motion to dismiss the complaint for lack of in personam jurisdiction and for failure to state a claim upon which relief could be granted was denied. His motion for reconsideration was also denied. In his answer to the complaint, the husband once again alleged that the complaint failed to state a claim upon which relief could be granted, and that the court lacked either in personam jurisdiction over him or authority to convey his interest in property jointly owned by the parties as tenants by the entirety.

The wife was awarded a money judgment for overdue support payments up to December 6, 1974, placing the husband in arrears, with accrued interest, in the amount of $73,456.31. The trial court then directed that the Twining Court property be transferred to the wife in complete satisfaction of the husband's obligation to support her under the terms of the property settlement agreement. The court further ordered that the husband's obligations to pay $215 per week or one-half of the net income from the Twining Court property be terminated as of December 6, 1974. These appeals followed.

We first consider the husband's claim that the trial court was without jurisdiction. The husband contends that since his only interest in the property was that of a tenant by the entirety, the trial court lacked jurisdiction to award the husband's interest in the property to his former wife.

■ Contrary to the husband's assertion, it is well established that the Family Division of the Superior Court has exclusive jurisdiction over the subject matter of this suit. D.C.Code 1973, § 11–1101; *see Amidon v. Amidon,* D.C.App., 280 A.2d 82 (1971); *Gaissert v. Gaissert,* D.C.Mun. App., 174 A.2d 195 (1961); *Den v. Den,* 126 U.S.App.D.C. 152, 375 F.2d 328 (1967). Section 11–1101 provides in pertinent part as follows:

§ 11–1101. Exclusive jurisdiction.

The Family Division of the Superior Court shall be assigned, in accordance with chapter 9, exclusive jurisdiction of—

\* \* \* \* \* \*

(3) actions to enforce support of any person as required by law;

\* \* \* \* \* \*

(8) determinations and adjudications of property rights, both real and personal, in any action referred to in this section, irrespective of any jurisdictional limitation imposed on the Superior Court. . . .

The trial court had the general equitable power to adjudicate property rights embodied in the property settlement agreement. *Gelmi v. Gelmi,* D.C.Mun.App., 172 A.2d 888 (1961). *See also David v. Blumenthal,* 110 U.S.App.D.C. 272, 292 F.2d 765 (1961). Consequently, the wife's suit against her former husband to enforce the property settlement agreement was within the exclusive jurisdiction of the trial court, and the court had the power to subject real property situated within the District of Columbia to claims against the nonresident husband arising out of the property settlement agreement. *Wagner v. Wagner,* 110 U.S. App.D.C. 345, 293 F.2d 533 (1961).

We next consider whether the trial court had authority to convey the husband's interest in the tenancy by the entirety. The husband argues that since the property settlement agreement provides that the property would continue to be held as a tenancy by the entirety, neither party can enforce a partition of the property without the other's consent.

■ A tenancy by the entirety is a form of concurrent ownership which resembles a joint tenancy, but exists only between a husband and wife. This form of concurrent ownership is a product of the common-law doctrine that a husband and wife are one person and are each seized of the entire estate. The most significant incidents of this concurrent estate are the unilaterally indestructible right of survivorship; the inability of either spouse, acting alone, to alienate his interest in the property; and the broad immunity from the claims of separate creditors. Although tenancy by the entirety has been eliminated in many states, it is still recognized in the District of Columbia. *Coleman v. Jackson,* 109 U.S.App.D.C. 242, 286 F.2d 98 (1960), *cert. denied,* 366 U.S. 933, 81 S.Ct. 1656, 6 L.Ed.2d 391 (1961); *Fairclaw v. Forrest,* 76 U.S.App.D.C. 197, 130 F.2d 829 (1942), *cert. denied,* 318 U.S. 756, 63 S.Ct. 531, 87 L.Ed. 1130 (1943); *Settle v. Settle,* 56 App.D.C. 50, 8 F.2d 911 (1925).

■ As long as the parties are united in marriage, neither spouse can effectively convey an interest in the estate nor compel a partition of the property without the other's consent. *Ridgely v. Ridgely,* D.C.App., 188 A.2d 296 (1963); *Coleman v. Jackson, supra; Hogan v. Hogan,* 102 U.S.App.D.C. 87, 250 F.2d 412 (1957). The entry of a final divorce decree dissolves the tenancy by the entirety and converts it into a tenancy in common. The court is then authorized to apportion the property among the parties to the divorce as it sees fit. D.C.Code 1973, § 16–910; *see Ridgely v. Ridgely, supra; Scholl v. Scholl,* 80 U.S.App.D.C. 292, 152 F.2d 672

(1945). Section 16–910 provides in pertinent part:

> Upon the entry of a final decree of . . . absolute divorce, in the absence of a valid antenuptial or postnuptial agreement in relation thereto, all property rights . . . in . . . [the] tenancy by the entirety shall stand dissolved and, in the same proceeding in which the decree is entered, the court may award the property to the one lawfully entitled thereto or apportion it in such manner as seems equitable, just, and reasonable.[1]

This section permits a husband and wife to preserve the incidents of a tenancy by the entirety after the entry of a final divorce decree, if they so agree. *Heath v. Heath,* 89 U.S.App.D.C. 68, 189 F.2d 697 (1951). The statute thus creates a narrow exception to the common-law rule that the marital relation is indispensable to the existence of a tenancy by the entirety.

■ The legislative history of § 16–910 does not reveal the purpose for permitting those who acquire property as tenants by the entirety during their marriage to continue to hold the property in such manner after their divorce. *See* S.Rep.No. 720, 74th Cong., 1st Sess. 2 (1935); H.R. Rep.No.1532, 74th Cong., 1st Sess. 4–5 (1935). However, the fact that this form of concurrent ownership still exists in the District of Columbia at all indicates a preference for the marital interest. The tenancy's incidents of inalienability and immunity from the claims of creditors provide "a relatively sheltered source of support for the marital estate." *Benson v. United States,* 143 U.S.App.D.C. 197, 201,

---

1. The provision for apportionment in § 16–910 applies only to property in which a tenancy by the entirety is dissolved by operation of the statute. It does not affect the general equitable power of a court to adjudicate a dispute between parties concerning their respective rights in property acquired by them during marriage. *Tendrich v.*

*Tendrich,* 90 U.S.App.D.C. 61, 193 F.2d 368 (1951); *Reilly v. Reilly,* 86 U.S.App.D.C. 345, 182 F.2d 108, *cert. denied,* 340 U.S. 865, 71 S.Ct. 90, 95 L.Ed. 632 (1950); *see Hardy v. Hardy,* 250 F.Supp. 956 (D.D.C. 1966); *Hipp v. Hipp,* 191 F.Supp. 299 (D.D.C.1960), *aff'd,* 111 U.S.App.D.C. 307, 296 F.2d 429 (1961).

442 F.2d 1221, 1225 (1971).[2] In *Benson,* the court stated:

> The promulgation of this statute [§ 16–910], which permits the tenancy by the entirety to continue after the dissolution of the marriage, seems a logical extension of the tenancy in recognition of the fact that a formal decree of divorce often does not dissolve interspousal support obligations. The case before us offers an appropriate example and most probably represents the rule rather than the exception. Since Travis's responsibility to provide for his ex-wife and children outlived the divorce, the parties agreed that certain property should be set aside and devoted to the fulfillment of those obligations. The statute, by allowing them to hold that property as tenants by the entirety, guarantees that the chosen source of income cannot be depleted through unilateral alienation or attachment by creditors to satisfy the separate debts of either party. [*Id.* at 201, 442 F.2d at 1225.]

The statute, which permitted the parties in this case to preserve the preferential incidents of the tenancy after the divorce was not intended to shelter the husband from enforcement of his support obligations under the agreement. Moreover, the property settlement agreement expressly provides that the property would continue to be held by the parties as tenants by the entirety, in order to help furnish support as agreed. The property, subject to an outstanding deed of trust in the balance of $9,434.75, was appraised at between $110,000 and $150,000. The husband was in default of support payments in the sum of $73,456.31, which represented more than his interest in the property. As a result, we see no valid reason preventing the trial court from awarding the husband's interest in the property to the wife as

compensation for the husband's failure to fulfill his support obligations.

Finally, the husband claims that conveyance of his interest in the property overcompensates the wife and unfairly deprives him of his survivorship rights in the property. The wife, on the other hand, argues that the trial court erred in completely discharging the husband's support obligations under the property settlement agreement.

■ The trial court has broad discretion in the exercise of its power to adjudicate property rights and support arising from a separation agreement. *Gelmi v. Gelmi, supra.* The record in this case reveals no abuse of that discretion, and there is no basis for disturbing the award.

*Affirmed.*

---

2. In *Benson v. United States, supra,* the court held that this very property settlement agreement was sufficient to preserve the incidents of the tenancy by the entirety after the divorce, and that a tax lien filed against the husband did not attach to property held by the parties as tenants by the entirety.