# FLAHERTY v. COLUMBUS.*

### HUSBAND AND WIFE; ESTATES; ENTIRETIES.

1. A business purchased by the husband with his wife's money will be deemed to have been held by the entireties, where, during his last illness, the husband, in response to the advice of a clergyman that he settle his affairs, stated that there was nothing to settle, as he and his wife had worked together, and that "it was as much hers" as his.

___

*Husband and Wife—Entireties.*—For a note upon the question of tenancy by entireties, see *Hiles* v. *Fisher,* 30 L.R.A. 306; as to creation of tenancy by entireties by conveyance, to one spouse only, of interest in property of which the other already owns the whole or a part, see note to *Pegg* v. *Pegg,* 33 L.R.A.(N.S.) 166; as to the respective rights of husband and wife to the income or products from an estate held by the entirety, see note to *Jones* v. *Smith,* 19 L.R.A.(N.S.) 1037; upon the question of the effect upon character of estate as one by entireties under a conveyance to both spouses, of the fact that one of them already had an estate in the land, see note to *Sprinkle* v. *Spainhour,* 25 L.R.A.(N.S.) 167.

2. Estates by the entireties were not abolished by the married woman's
   act (citing *Alsop* v. *Fedarwisch*, 9 App. D. C. 408), and such estates
   exist in personalty as well as realty.

3. The husband and wife are seized of an estate by the entireties *per tout
   et non per my*, and the whole remains to the survivor.    (Citing
   *Alsop* v. *Fedarwisch*, 9 App. D. C. 408.)

No. 2589.    Submitted December 1, 1913.    Decided February 5, 1914.


HEARING on an appeal by the exceptant from a decree of the
Supreme Court of the District of Columbia, holding a probate
court, approving the final account of an administratrix.

                                          *Affirmed.*


The COURT in the opinion stated the facts as follows:

This is an appeal from a decree of the supreme court of the
District holding a special term for probate business, approving
the final account of Bridget Flaherty, administratrix of the
estate of Michael Flaherty, deceased.

The final account showed a balance, after discharge of all
liabilities, of $2,696.80 in the hands of the administratrix
for distribution, which she claimed as the survivor of her
husband, Michael Flaherty.    Exceptions were taken to the
account by Lawrence Flaherty, the surviving father of the
intestate, who left no issue.

It appears that Michael Flaherty conducted a barroom in
the city at the time of his death, October 20, 1905. His license
would expire on November 1, and he had an application for its
renewal pending before the excise board.    Bridget Flaherty
applied for a license in her own name and received one after
the abatement of that made by intestate.    In her account as
administratrix she charged herself with $106, "Appraised value
of goods."    It appears that she conducted the barroom until
her death, in 1910, and the said business was sold by her execu-
trix, Maria Noone, for $4,300.

The exceptions to the account were, first, that the adminis-
tratrix should have charged herself with the value of the saloon

business of her intestate, to wit, $10,000; and, second, that, as the father of intestate, exceptant was entitled to one half of his personal estate. There was no evidence that the barroom stock had been falsely or incorrectly inventoried and appraised. The auditor, however, sustained the exception, and charged the administratrix with $4,300, which was the sum realized by her executrix from a sale of the business that had been carried on by Bridget Flaherty four or five years after the death of her husband. He also directed distribution of one half of the estate to John Flaherty, the administrator of Lawrence Flaherty, the latter having died in the meantime.

The court sustained exceptions to the auditor's report, and rendered a decree approving the account, and affirming the rights of William F. Columbus, the administrator *d. b. n., c. t. a.,* of Bridget Flaherty [Maria Noone, the executrix of the will of Bridget Flaherty, having died] to the balance of the assets.

*Mr. Charles W. Darr, Mr. Julius I. Peyser,* and *Mr. Milton Strasburger,* for the appellant:

1. The contract between husband and wife would not have been valid. *McCormick* v. *Hammersley,* 1 App. D. C. 313; *Norwood* v. *Francis,* 25 App. D. C. 463.

2. There was no joint tenancy. 1 Schouler, Pers. Prop. 2d ed. Sec. 156; 2 Kent, Com. p. 350; 2 Bl. Comm. 399; *Wait* v. *Bovec,* 35 Mich. 425.

3. There could be no resulting trust, because:—

A. The evidence was not sufficient to establish a trust. 3 Pom. Eq. Jur. sec. 1040; 39 Cyc. 152, citing many cases. *Conlin* v. *Coveny,* 30 Wash. L. Rep. 150, 152, 156; *Cunningham* v. *Cunningham,* 125 Iowa, 681; *Tunnard* v. *Littell,* 23 N. J. Eq. 267; *Mahoney* v. *Mahoney,* 65 Ill. 406; *Reed* v. *Reed,* 135 Ill. 482; *Cohen* v. *Cohen,* 1 App. D. C. 240.

B. The evidence to sustain the trust must find support in the consequent conduct of the parties. *Cohen* v. *Cohen,* 1 App. D. C. 240, at p. 244.

C. Of course, if Mrs. Flaherty gave or loaned the money to her husband (and such is the evidence), there could be no resulting trust. 39 Cyc. 135; *Whaley* v. *Whaley,* 71 Ala. 159; *Strawn* v. *Cogswell,* 28 Ill. 454; *Gibson* v. *Foote,* 40 Miss. 788; *Torrey* v. *Cameron,* 73 Tex. 583.

D. Sums of money advanced by the wife to enable the husband to engage in business and thereby support the family, are in the nature of gifts or loans. *Reed* v. *Reed,* 135 Ill. 482, 489, 490; *Barger* v. *Barger,* 30 Or. 279; *Rotter* v. *Scott,* 111 Iowa, 31.

E. If it has only been a part payment of purchase price, the burden is on the party claiming the trust to prove the precise amount so used, as well as the total consideration. 39 Cyc. 153; *Camden* v. *Bennett,* 64 Ark. 155; *Keuper* v. *Metts,* 239 Ill. 586; *Woodside* v. *Hewel,* 109 Cal. 481.

F. A trust will not result to one who pays a part only of purchase money, unless it be some definite portion, as one half, one third or the like. *Olcott* v. *Bynum,* 17 Wall. 44; *Reed* v. *Reed,* 135 Ill. 482; *Cline* v. *Cline,* 204 Ill. 130.

G. "If a resulting trust could be sustained it would be only to the extent of the sum of money advanced. No increment, interest, or income could be allowed." 21 Cyc. p. 1430; *Gormly* v. *Smith,* 118 N. Y. Supp. 1069; *King* v. *King,* 24 Ind. 598; *Roach* v. *Bennett,* 24 Miss. 98; *Logan* v. *Hall,* 19 Iowa, 500; *Lishey* v. *Lishey,* 74 Tenn. 418; *Re Dice,* 180 Pa. 647.

*Mr. Lorenzo A. Bailey,* for the appellee:

1. A liquor license "does not pass to the executor or administrator of a deceased licensee as. assets of his estate." *Re Grimm,* 181 Pa. 233, 37 Atl. 403; 23 Cyc. 110, 111; *Richards* v. *Geiger,* 47 Wash. L. Rep. 758.

2. "Whenever a husband acquires possession of the separate property of his wife, whether with or without her consent, he must be deemed to hold it in trust for her benefit, in the absence of any direct evidence that she intended to make a gift of it to him." *Stickney* v. *Stickney,* 131 U. S.. 227; *Buckel* v.

*Smith,* 26 Ky. L. Rep. 494, 82 S. W. 235, 236; *Smithsonian Inst.* v. *Meech,* 169 U. S. 398.

3. Joint tenancy and joint ownership, as to chattels, is recognized. 11 Am. & Eng. Enc. Law, 1068, 1069; *Mills* v. *Malott,* 43 Ind. 248; *Cornett* v. *Hall,* 103 Mo. App. 353, 77 S. W. 122; *Miller* v. *Crigler,* 83 Mo. App. 395; *Pettitt* v. *Marble,* 13 Ky. L. Rep. 780; *Bain* v. *Trixler,* 24 Ind. App. 246, 56 N. E. 690; *Johnson* v. *Bank,* 102 Mo. App. 395, 76 S. W. 699; *Honaker* v. *Vesey,* 57 Neb. 413, 77 N. W. 1100; *Waggoner* v. *Snody,* 98 Tex. 512, 85 S. W. 1134; *Arn* v. *Arn,* 81 Mo. App. 133.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

We agree with the learned trial justice that the depositions taken show that Michael Flaherty and his wife when married were poor, but she had $637 on deposit in a bank. Seeing an opportunity to buy an established saloon business, she turned over her money to him for the purpose.

He started in the business with her money. During his last illness and about a week before his death he was told by a priest of his church that if he had anything to fix up he would better attend to it,—meaning that he would better make a will. His reply was: "There is nothing to fix. We both of us worked together. It was as much hers as mine." He further said "there is a few hundred dollars in a bank, and I must turn it over to her." He then called for a check, signed it, and delivered it to her. What became of this check does not appear. It seems not to have been presented for payment.

Passing by questions of joint tenancy, partnership, and trusts that have been argued, we think that the facts and circumstances of the case show that the husband and wife were jointly interested in and possessed of the business and its proceeds, and that it constituted an estate by the entirety. Estates by the entirety were not abolished by the married woman's act. *Alsop* v. *Fedarwisch,* 9 App. D. C. 408, 416. Such estates exist in personalty as well as realty. Freeman, Cotenancy, sec. 68.

The husband and wife are seized and possessed *per tout et non per my,* and the whole remained to the survivor. *Hunt* v. *Blackburn,* 128 U. S. 464, 469, 32 L. ed. 488, 490, 9 Sup. Ct. Rep. 125; *Alsop* v. *Fedarwisch,* 9 App. D. C. 408, 418; Freeman, Cotenancy, sec. 64. The decree was right, and is affirmed, with costs payable out of the assets of the estate of Lawrence Flaherty.          *Affirmed.*