**Barbara HELD and Hilman J. Lund, Appellants,**

**v.**

**Howard McNETT and J. L. Iverson, Co-partners, t/a Calder Door Sales Co., Appellees.**

**No. 2430.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 24, 1959.

Decided Sept. 18, 1959.

Joseph G. Dooley, Washington, D. C., Charles F. Dirlam, on the brief, for appellants.

**350**

Albert Ginsberg, Washington, D. C., Joseph H. Schneider and Herbert D. Horowitz, Washington, D. C., on the brief, for appellees.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

Appeal from an order quashing an attachment and releasing funds claimed by husband and wife as estate by entireties.

Plaintiffs sued Howard McNett and his partner Iverson. On the allegation that McNett was a non-resident an attachment before judgment was issued, and interrogatories were directed to a title company which was handling a sale of real estate belonging to McNett and his wife. Mr. and Mrs. McNett moved to quash the attachment on the ground that they owned the real estate as tenants by the entirety, and that the proceeds of the sale were indivisible and not subject to attachment on a claim against the husband alone. After a trial on the merits of the case (with which this appeal is not concerned) the court ordered the attachment quashed. Plaintiffs ask us to reverse that order.

 It has always been understood that when real property is owned by husband and wife as an estate by the entireties, such is a single, indivisible ownership, not subject to execution on a claim against one of them. And it has always been the law in this jurisdiction that husband and wife may maintain the same type of estate or ownership in personal property. Tendrich v. Tendrich, 90 U.S.App.D.C. 61, 193 F.2d 368; Settle v. Settle, 56 App.D.C. 50, 8 F.2d 911, 43 A.L.R. 1079; Flaherty v. Columbus, 41 App.D.C. 525. Thus our question is whether in the course of the sale of the real property, anything happened to alter the status of the ownership and convert it from an indivisible unit into separate funds belonging to the owners in disjointed portions.

Appellees say the proceeds of the sale were in a "conduit" (the title company), subject to the separate claims of McNett and his wife, who because they had taken no action to define their interest in the fund or create an entirety interest therein had nothing more than an estate in common. We think this position cannot be sustained by the record or by the applicable law.

The title company filed no answer to the garnishment, and the only averment as to the sale or the status of the proceeds is found in the joint affidavit of the McNetts, filed in support of the motion to quash. That affidavit, after describing the joint ownership of the real estate and the attachment of the funds in the title company, concluded with this sentence: "That these funds are still by the entirety." This was a joint declaration under oath by husband and wife, and is not contradicted anywhere in the record.

Presumably, in a situation like this, husband and wife may agree to strip the estate of its attributes and create a new and wholly different type of ownership; but it would have to be done jointly. For if the husband were to sell without his wife's authority the proceeds would enure to the benefit of both and the estate by the entireties would not be terminated. Kauffman v. Stenger, 151 Pa.Super. 313, 30 A.2d 239.

Where, as in this case, husband and wife make a normal, routine sale of real estate owned by entirety, and do nothing to indicate a contrary intention, they continue to have the same title and estate in the proceeds of the sale that they had in the realty. Brell v. Brell, 143 Md. 443, 122 A. 635; Koehring v. Bowman, 194 Ind. 433, 142 N. E. 117; Sheldon v. Waters, 5 Cir., 168 F.2d 483; Tait v. Safe Deposit & Trust Co., 4 Cir., 70 F.2d 79; Anderson v. Carter, Fla. App., 100 So.2d 831; Campagna v. Campagna, 337 Mass. 599, 150 N.E.2d 699.

The trial court was right in quashing the attachment.

Affirmed.