**UNITED STATES of America,**
**Plaintiff,**

v.

**Reginald P. HART et al.,**
**Defendants.**

**Civ. A. Nos. 1671–73, 74–497.**

United States District Court,
District of Columbia.

Sept. 17, 1974.

Earl J. Silbert, Acting U. S. Atty., Arnold T. Aikens, A. Patricia Frohman, Asst. U. S. Attys., Washington, D. C., for plaintiff.

Ronald C. Hill, Washington, D. C., for defendants.

## MEMORANDUM

SIRICA, District Judge.

These two cases have come before the Court on the motions of one of the defendants to dismiss both the causes against him. Both cases involve suit by the government against Reginald P. Hart and his wife, Ida Hart, for default on promissory notes.

Civil Action 1671–73 concerns the alleged default of Reginald and Ida Hart on an $80,000 promissory note executed by them, trading as Hart Shoes, on October 6, 1970, and delivered to the Small Business Administration. The government claims that $67,074.23 in principal and over $3,276.85 in interest is owing.

Civil Action 74–497 concerns the alleged default of Reginald and Ida Hart and James and Elizabeth Wilson on a guaranty of payment on a $32,000 promissory note executed on December 24, 1968, and delivered to the Small Business Administration. The government claims that $32,000 in principal and over $2,908.46 in interest is owed on this obligation.

Defendant Reginald P. Hart has moved to dismiss both causes against him because of his discharge in bankruptcy. On March 18, 1974, Mr. Hart received a discharge in bankruptcy. He alleges that each of the debts sued on in these two cases was included in his petition for bankruptcy, and, accordingly, was discharged.

Section 35 of Title 11 of the U.S.Code reads:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as . . . (3) have not been duly scheduled in time for proof and allowance, with the name of the credi-

tor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceeding in bankruptcy. . . ."

The government opposes the motion to dismiss on three grounds. First, it is argued that to grant dismissal would violate the spirit and purpose of the Bankruptcy laws. It appears that the only valuable asset owned by the husband and wife is real property held by them as tenants by the entireties. When the husband applied for bankruptcy such property did not go into his bankruptcy estate because of the joint nature of its ownership and, therefore, it was never available for distribution to his bankruptcy creditors. Now the husband and wife are sued by a creditor trying to reach that specific property held by them by the entireties. The husband raises his discharge in bankruptcy as a bar to judgment against him. If he is successful the creditor will only be able to get a judgment against the wife alone, and that would be useless to reach the desired property since it is held by the entireties and D.C. law requires a judgment against *both* owners to reach such property. See, e. g., Held v. McNett, 154 A.2d 349 (Mun.Ct.App.D.C. 1959).

While the government may be correct that the defendants are using the bankruptcy laws in a disreputable manner to prevent their creditors from reaching their only valuable asset, even the government acknowledges that no federal court has ever accepted this as basis for refusing to give effect to a bankruptcy discharge.

■ Concerning a similar situation, the Fourth Circuit in Reid v. Richardson, 304 F.2d 351 (4th Cir. 1962) held that:

"It is plain that Mr. Reid's discharge [in bankruptcy] absolves him of legal responsibility on all of his debts both joint and several in federal courts. . . . [and] bar[s] rendition of a joint judgment against him

with his non-bankrupt wife." *Id.* at 354.

A similar holding was made by the Sixth Circuit in Fetter v. United States, 269 F.2d 467 (6th Cir. 1959). Thus, the government's argument against dismissal on this ground must be rejected.

■ Secondly, the government requests that dismissal be withheld so that it can petition the Bankruptcy Court to set aside the defendant's discharge in bankruptcy and allow a joint judgment against him and his wife to be obtained. In Reid v. Richardson, *supra*, a federal court allowed the reopening of a husband's bankruptcy estate because his wife had subsequently filed a petition for bankruptcy. By reopening the husband's bankruptcy estate and consolidating it with the wife's bankruptcy estate, property owned by the husband and wife by the entireties would pass to the bankruptcy trustee and be available for distribution to their creditors. In the present case, however, the wife, Mrs. Hart, has not filed for bankruptcy, and there would be no basis for a petition to reopen the husband's bankruptcy estate. Thus, to delay dismissing the suits against Mr. Hart while the government files such a petition would be futile.

Finally, the government submits that the indebtedness charged against Mr. Hart in Civil Action 1671–73 was not listed by Mr. Hart when he filed his bankruptcy petition, and thus, the discharge does not affect his liability on that debt. The government filed as an exhibit, a copy of Mr. Hart's January 14, 1974, petition for bankruptcy wherein the 1671–73 debt does not appear to be listed.

On August 21, 1974, the Court ordered counsel for the government and for Mr. Hart to file legal memoranda setting forth their clients' positions as to any issues in dispute in 1671–73.

The government filed a statement asserting that there are no factual disputes in that case, thus, adhering to

their earlier position that the 1671–73 debt was not listed by Mr. Hart.

Mr. Hart's attorney, however, asserted in his response that the 1671–73 debt was listed in the petition for bankruptcy. He indicates that Mr. Hart filed two petitions for bankruptcy, a corporate petition (Bankruptcy No. 74–3) and an individual petition (Bankruptcy No. 74–4), and that the 1671–73 debt was originally listed in his corporate petition. Subsequently, when it became apparent that Mr. Hart was *individually* liable on the 1671–73 debt, his individual petition for bankruptcy was amended to reflect the fact that he owed this debt.

Unfortunately, defendant's memorandum nowhere indicates *when* this amendment to the individual bankruptcy petition was filed. And the bankruptcy law only provides for discharge of those debts which were "duly scheduled in time for proof and allowance. . . ."

It thus appears that there remain several factual disputes concerning the debt involved in C.A. 1671–73 (e. g., when was Mr. Hart's schedule of debts in his individual petition for bankruptcy amended to reflect this debt; was it listed in time for proof and allowance; did the government otherwise have notice of the debt, etc.).

Inasmuch as there exist disputes about these issues, the Court will postpone acting on defendant Reginald P. Hart's motion to dismiss the complaint in C.A. 1671–73 against him until a further hearing on these issues can be held.

But the disputes concerning C.A. 1671–73 do not affect the Court's conclusion that inasmuch as the indebtedness charged against Mr. Hart in C.A. 74–497 was listed by him when he filed his bankruptcy petition, the March 18, 1974, discharge in bankruptcy discharged his liability on that debt.

Now, therefore, it is this 17th day of September, 1974, by the Court

Ordered that the defendant Reginald P. Hart's motion to dismiss the cause in C.A. 74–497 as against him be, and it hereby is, granted; and it is further

Ordered that the same defendant's motion to dismiss the cause in C.A. 1671–73 against him will not be acted upon until a further hearing concerning the factual matters in dispute has been held.