**Edwin G. WARMAN, Plaintiff,**

v.

**Kenneth R. STRAWBERRY, Defendant.**

**No. CA 79–0071.**

United States District Court,
District of Columbia.

Nov. 9, 1983.

Mark Pestronk, Alexandria, Va., for plaintiff.

Lawrence P. Kessel, College Park, Md., for defendant.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

The plaintiff brought this action based on a foreign judgment. Defendant contended that the foreign judgment was void because the note which formed the basis of the judgment had not been signed by him. Judgment in the Pennsylvania court had been entered in his absence based on a confession of judgment contained in the note. The issues were presented before a jury and the jury found that the defendant had signed the note. Judgment was entered in favor of plaintiff in the amount of $12,500 plus interest and costs, the total judgment being $12,767.84. Plaintiff seeks to execute on that judgment.

### I

In its efforts to execute on the judgment, the plaintiff ascertained that the defendant had two accounts with the State Department Federal Credit Union (SDFCU). Plaintiff served a garnishment on SDFCU. One account, Account No. 28362 has a balance of $12,824. That account is owned "jointly" by the defendant, and his wife, Wilma Strawberry. The second account, Account No. 41915 has a balance of $1,114.86. That account is owned "jointly" by the defendant, his wife, and Elizabeth Strawberry.

The garnishee SDFCU contends that on the date of the writ, $10,678.84 in Account No. 28362 was exempt from plaintiff's claim in that it had been pledged to secure a loan made by SDFCU to the defendant and his wife. That loan was made in 1978 long before the judgment entered in this case. In addition, SDFCU contends that the entire account is exempt as personalty owned by the entireties by the defendant and his wife, as personalty owned jointly by the defendant and his wife, or partially to the extent of the wife's ownership of the account assets.

As to Account No. 41915, SDFCU contends that the account is exempt from plaintiff's claim either fully as personalty owned by the defendant and two others, or partially to the extent of Elizabeth Strawberry's ownership of the account assets.

The plaintiff argues that the accounts are not exempt because there is no evidence of a pledge and because a judgment creditor of any one owner of a joint account may attach the assets in the entire account. While plaintiff concedes that a judgment creditor cannot attach the assets of only one owner in an account owned by the entireties, he contends that there is no estate by the entireties under the facts of this case.

### II

The general rule is that joint bank accounts are generally garnishable by a judgment creditor of only one of the joint depositors. 30 Am.Jur.2d *Executions* § 800 (1967). However, where the debtor/depositor has no interest in the joint bank account, the account is not subject to garnishment under a levy of execution. *Id.*

██ The District of Columbia recognizes estates by the entireties. *Estate of Wall,* 142 U.S.App.D.C. 187, 440 F.2d 215 (1971). Under such an estate, there is an inability of one spouse to alienate his interests and there is a broad immunity from separate creditors. *Id.* Moreover, such an estate can be created in personalty as well as realty. *Flaherty v. Columbus,* 41 App. D.C. 525 (1914). Language in an instrument which would create a joint tenancy will make a husband and wife owners by the entireties. *Settle v. Settle,* 56 App.D.C. 50, 51, 8 F.2d 911, 912 (1925). Finally, although an estate by the entireties would normally result when a husband and wife open a joint bank account with right of survivorship, evidence or proof of a contrary intent may lead to a different result. *Cf. Flaherty v. Columbus, supra* at 529. *See also* 10 Am.Jur.2d *Banks* § 373 (1963).

██ Turning to the facts in the instant case, the Court concludes that neither Account No. 28362 nor Account No. 41915 were owned by the defendant and his wife by the entireties. As noted, one of the results of the creation of an estate by the entireties is that such a bank account would not be subject to a garnishment by a judgment creditor of only one of the joint depositors. Here, the agreement of the defendant, his co-depositors, and SDFCU expressly provides that "any or all said joint owners may pledge all or any part of the shares in this account as collateral security to a loan or loans." *See* Joint Share Account Agreement. That language is inconsistent with the creation of an estate by the entirety and is accepted as an expression of the intent of the joint owners that the account is one held as joint tenants and not as an estate by the entireties. Furthermore, in the case of Account No. 41915, the joint owners include a third person, therefore, for that additional reason that account was not held by the entireties. The Court holds then that neither account is held by the entireties.

██ Since the estate in the bank accounts is not by the entireties, a creditor of only one of the joint owners may attach the funds to the extent that it is owned by the debtor. *See* Am.Jur.2d *Executions* § 800 (1967). Thus, to the extent that the funds in the joint account are owned by the defendant, and are unencumbered by any liens, they may be attached by plaintiff.

Elizabeth Strawberry, one of the three joint tenants in Account No. 41915 has filed an affidavit stating that she has contributed all of the funds deposited in that account. Nothing before the Court contradicts her statement. Therefore, plaintiff may not attach those funds in Account No. 41915 since they are not owned by the defendant.

Wilma Strawberry has filed an affidavit stating that she contributed 35% of the funds in account No. 28362. That statement has likewise not been rebutted. Accordingly, only 65% of the funds in that account are owned by the defendant and subject to garnishment by the plaintiff.

The garnishee notes that a portion of the funds in Account No. 28362 are pledged as collateral for a loan made by the garnishee to the defendant and his wife in 1978. The Court concludes that the pledge represents a valid lien on the funds in an amount not exceeding the balance due. Since both the defendant and his wife participated in the loan, the total amount in the account is available to secure that loan. Accordingly, SDFCU should calculate the amount of the necessary security and release the balance to the plaintiff in satisfaction of the garnishment. In this connection, in determining the exact amount pledged to secure the loan, the garnishee should look first to the 35% interest of the wife, and only if that amount does not satisfy the security, to the 65% owned by the defendant. The remaining balance should be paid over to the plaintiff pursuant to the garnishment.

It is hereby

ORDERED that plaintiff's motion for payment of the amounts contained in SDFCU Account No. 41915 is denied, and it is further

ORDERED that plaintiff's motion for payment of the amounts contained in

SDFCU Account No. 28362 is granted to the extent that the funds are owned by the defendant and are not pledged to secure the note executed by the defendant and his wife in 1978, and it is further

ORDERED that the garnishee shall pay over the funds consistent with the directions contained in this Memorandum Order.