**Ellen O. PITTS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 90–1709.**

United States Court of Appeals, Fourth Circuit.

Argued June 7, 1990.

Decided Oct. 18, 1991.

Harry Franklin Bosen, Jr., Harry F. Bosen, Jr., P.C., Salem, Va., argued (David S.

De Jong, Stein, Sperling, Bennett, De Jong, Driscoll, Greenfeig & Metro, P.A., Rockville, Md., on brief), for plaintiff-appellant.

Charles Edward Brookhart, Tax Div., U.S. Dept. of Justice, Washington, D.C., argued (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Tax Div., U.S. Dept. of Justice, Washington, D.C., John Perry Alderman, U.S. Atty., Roanoke, Va., on brief), for defendant-appellee.

Before WIDENER and SPROUSE, Circuit Judges, and TILLEY, District Judge for the Middle District of North Carolina, sitting by designation.

## OPINION

PER CURIAM:

Pursuant to our order of certification to the Supreme Court of Virginia filed February 4, 1991, 946 F.2d 1569, we certified to the Supreme Court of Virginia the following question:

"Whether the notes received by George and Ellen Pitts, husband and wife, in exchange for real property held as tenants by the entireties, also are held as tenants by the entireties, although the notes contain no language indicating a right of survivorship."

The Supreme Court of Virginia, in its case No. 910186 dated September 20, 1991, 242 Va. 254, 408 S.E.2d 901 has answered the certified question in the affirmative.

Accordingly, following the said opinion of the Supreme Court of Virginia, it is our opinion that the Internal Revenue Service may not levy on any interest of George Pitts in the notes representing the proceeds of sale of such real estate formerly owned by George and Ellen Pitts as is involved in this case.

The judgment of the district court is accordingly

REVERSED.