James C. FINLEY, et al., Appellants,

v.

Natalie THOMAS, Appellee.

Natalie THOMAS, Cross–Appellant,

v.

James C. FINLEY, et al., Cross–Appellees.

Nos. 95–CV–1556, 95–CV–1802, 96–CV–337.

District of Columbia Court of Appeals.

Argued March 13, 1997.

Decided April 3, 1997.

Richard W. Luchs, Washington, DC, for appellants/cross-appellees.

Elliott Andalman, Takoma Park, with whom Mary Ellen Flynn was on the brief, for appellee/cross-appellant.

Before TERRY, FARRELL, and REID, Associate Judges.

FARRELL, Associate Judge:

Just recently, in summarizing the differences between a joint tenancy with right of survivorship and a tenancy by the entireties, this court noted two salient features (among others) of the latter tenancy:

> [U]nlike a joint tenancy with right of survivorship, property held by tenancy by the entireties is not subject to execution or levy for the debts of only one of the cotenants. *Held v. McNett,* 154 A.2d 349, 350 (D.C.1959); *Fairclaw v. Forrest,* 76 U.S.App. D.C. 197, 201 & n. 3, 130 F.2d 829, 833 & n. 3 (1942) (citing authorities). Moreover, in the absence of an agreement to the contrary, each spouse retains a tenancy by the entireties in the proceeds from the sale of property held as a tenancy by the entireties. *Held, supra,* 154 A.2d at 350.

*Roberts & Lloyd, Inc. v. Zyblut,* 691 A.2d 635, 638 (D.C.1997). These two features of a tenancy by the entireties control this case, which concerns the attempt of a judgment creditor of the appellant-husband alone to attach the proceeds from the sale of a house purchased and owned by the appellants (husband and wife) as tenants by the entireties. We reverse the judgment of the trial court placing those proceeds within the reach of the creditor.

## I.

James C. Finley and his wife, Mercedes O. Finley, owned a piece of property located at 518 10th Street, N.E. As stated in the 1969 deed of purchase, they owned the property as tenants by the entireties. On February 17, 1989, the Finleys sold the property to an individual, Arman Brick, in exchange for a promissory note in the amount of $325,000, secured by a deed of trust. Although neither the note nor the deed of trust specified that the Finleys would own the proceeds of the sale—in effect, Brick's mortgage payments to them—as tenants by the entireties, the Finleys' affidavits in this litigation stated, among other things, that:

(1) they had never entered into an agreement to terminate the tenancy by the entireties either in the real property or the proceeds from its sale;

(2) they had always intended to own the proceeds as tenants by the entireties; and

(3) the payments on the note had been and would continue to be used for the mutual benefit of the couple.

In August 1994, following a suit for assault and battery, appellee Thomas acquired a judgment in Superior Court against Mr. Finley alone in the amount of $150,000. Thomas subsequently served Brick, as garnishee, with a writ of attachment on the proceeds of the property sale. The trial court eventually awarded Thomas a condemnation judgment in the amount of $3,136.32, representing one monthly payment on the mortgage; Brick satisfied this judgment, and the Finleys ask this court to order disgorgement of that satisfaction. In an ensuing judgment the trial court awarded Thomas another condemnation judgment; this was later amended to one-half of a monthly payment ($1,568.16), representing Mr. Finley's interest in the monthly payment on the promissory note. Although the court denied Thomas' motion

for reduction of Brick's monthly payments to a recurring judgment in Thomas' favor, the attachments ordered by the court in effect constituted a decision that one-half of the payments on the note could be garnished as they came due until the judgment debt owed Thomas by Mr. Finley was satisfied. In so ruling, the court reasoned

> that although the real property had been held by defendant [Mr. Finley] and his wife as tenants by the entirety, the deed of trust and promissory note held by them after the sale of the property to the garnishee did not expressly preserve the couple's interests as tenants by the entirety. As such, the defendant's interest in the mortgage payments due and owing from the garnishee [Brick] are held by him and his wife as tenants in common. D.C.Code §§ 45–216, –223 (1981).

The Finleys appeal from this determination. Thomas cross-appeals from the denial of the motion for reduction of Brick's monthly mortgage payments to a recurring judgment.

## II.

■ The Finleys concededly purchased and owned the property at 518 10th Street, N.E., as tenants by the entireties. Concededly, too, they acquired the property in that form without any intent to hinder, delay or defraud creditors, see D.C.Code § 28–3101 to –3111 (1996) (Uniform Fraudulent Transfer Act of 1995), especially not Thomas, who won her judgment against Mr. Finley twenty-five years later. The trial court, however, determined that the Finleys' property interest changed merely by operation of D.C.Code § 45–216(a) (1996) when they sold the property, because they took no affirmative steps to preserve their interest in the proceeds as

tenants by the entireties. Our decisions demonstrate that the court misapplied the statute.

■ Section 45–216 (a) provides, as relevant, that "[e]very estate granted or devised to 2 or more persons in their own right, including estates granted or devised to husband and wife, shall be a tenancy in common, unless expressly declared to be a joint tenancy...." [1] Thus, had the Finleys sold the property to Brick and another person and not expressly declared the "estate granted" to be a joint tenancy, Brick and his co-owner would have held the estate as tenants in common. But the issue in this case is not what sort of tenancy the Finleys granted or created; it is, rather, what form of tenancy they retained in the proceeds of the sale.[2] That question has long since been answered by the courts of this jurisdiction. In *Held v. McNett, supra,* the court held expressly that, "[w]here ... husband and wife make a normal, routine sale of real estate owned by entirety, and do nothing to indicate a contrary intention, they continue to have the same title and estate in the proceeds of the sale that they had in the realty." 154 A.2d at 350. In *In re Estate of Wall,* 142 U.S.App. D.C. 187, 440 F.2d 215 (1971), the United States Court of Appeals for this jurisdiction elaborated:

> It was ... within the [grantors'] power to maintain in the sale proceeds the same estate they had in the realty. Where, as in the District of Columbia, personalty can be held by the entireties,[3] the great weight of authority is to the effect that, absent a contrary arrangement by the parties, an estate by the entireties preexisting in particular property continues automatically in

---

1. A tenancy by the entireties is "essentially a joint tenancy, modified by the common-law theory that husband and wife are one person." *Settle v. Settle,* 56 App. D.C. 50, 51, 8 F.2d 911, 912 (1925). The important differences between the two tenancies are summarized in *Zyblut,* 691 A.2d at 638.

 Under District of Columbia law, "a conveyance to 'husband and wife as joint tenants' creates a tenancy by the entirety." *Daniel v. Wright,* 352 F.Supp. 1, 4 (D.D.C.1972) (citing *Settle,* 56 App. D.C. at 51, 8 F.2d at 911–12). This is a rule of construction; spouses may elect to hold property

simply as joint tenants. *See Zyblut,* 691 A.2d at 639–40 & n. 4.

2. As the facts of the case are essentially undisputed, we resolve this issue as a matter of law. *See, e.g., Estate of Gulledge,* 673 A.2d 1278, 1279 (D.C.1996) (*de novo* review of question whether unilateral conveyance by one tenant severs joint tenancy).

3. In the District of Columbia, a tenancy by the entireties may exist in personalty as well as real property. *Flaherty v. Columbus,* 41 App. D.C. 525, 529 (1914); D.C.Code § 45–223.

its derivatives on disposition. That rule has been applied in a variety of contexts, including cash sales of realty such as we have here. In this jurisdiction, the rule has been given specific application, in a situation similar to that now presented, over the protests of separate creditors. 142 U.S.App. D.C. at 192, 440 F.2d at 220 (footnotes omitted). The "specific application" referred to was *Held v. McNett.* The Circuit Court went on to explain that "[t]he rule continuing in derivatives the estate previously subsisting in the realty subserves the policy justifying present-day ownership by the entireties and enjoyment of its related incidents," *id.,* among which is "a broad immunity from claims of separate creditors." *Id.* at 190, 440 F.2d at 218. *See also American Wholesale Corp. v. Aronstein,* 56 App. D.C. 126, 127, 10 F.2d 991, 992 (1926) (under tenancy by the entireties, "[t]he husband has no interest in either the fee or the usufruct of the estate which may be taken in execution for his sole claim"). This immunity, like the entirety tenancy generally, "protect[s the] marital asset," *Clark v. Clark,* 644 A.2d 449, 452 (D.C.1994), and as the *Wall* court recognized, "the marital relationship is well served by a form of coownership safeguarding marital property from legal hazards which other types [of tenancy interests] leave as exposures." *Wall,* 142 U.S.App. D.C. at 190, 440 F.2d at 218.[4]

Without material change, D.C.Code § 45–216(a) has been on the statute books since 1901.[5] It has never been thought inconsistent with the rule stated in *Held v. McNett* and supported by "the great weight of authority." *In re Estate of Wall, supra.* *See also Pitts v. United States,* 242 Va. 254, 408

S.E.2d 901, 904 (1991), *answer to certified question conformed to,* 946 F.2d 1572 (4th Cir.1991) (similar Virginia statute converting all joint tenancies to tenancies in common upon creation of estate conveyed or devised to husband and wife inapplicable to receipt of promissory notes in exchange for real property held as tenants by entireties; "[t]he promissory notes executed by the [buyer] ... did not *create* a tenancy by the entirety," but rather "are memorials of a chose in action, the *corpus* of such an estate, one that arose by rule of law").

 As the Finleys, in selling the realty which they owned as tenants by the entireties, did "nothing to indicate a contrary intention, they continue to have the same title and estate in the proceeds of the sale that they had in the realty." *Held,* 154 A.2d at 350. "[S]ince the estate in the derivative is an extension of the estate, and not an interest newly created," *Wall,* 142 U.S.App.D.C. at 192, 440 F.2d at 220, section 45–216 does not apply.

Accordingly, the judgment in No. 95–CV–1802 is reversed.[6] The order in No. 96–CV–337 (denying the motion to reduce to a recurring judgment) is affirmed, though for the reason stated herein.[7]

*So ordered.*

---

4. The importance of the entirety interest is also evidenced by the fact that a divorcing couple may agree to preserve the tenancy by the entireties after their divorce, a fact which "indicates a preference for the marital interest." *Travis v. Benson,* 360 A.2d 506, 509 (D.C.1976). This provides "a relatively sheltered source of support for the marital estate" by allowing parties to arrange for spousal and child support obligations without risks of attachment by separate creditors. *Benson v. United States,* 143 U.S.App. D.C. 197, 201, 442 F.2d 1221, 1225 (1971).

5. As originally enacted, it stated: "Every estate granted or devised to two or more persons in

their own right, including estates granted or devised to husband and wife, shall be a tenancy in common, unless expressly declared to be a joint tenancy...." 31 Stat. 1354, ch. 84, § 1031 (1901).

6. This includes the disgorgement of Brick's satisfaction of the earlier claim and vacatur of the outstanding condemnation judgments.

7. An earlier consolidated appeal (No. 95–CV–1556) from an order later vacated by the trial court is dismissed as moot.