**Jeanne MAYNARD, Appellant,**

**v.**

**Leonard MAYNARD, Appellee.**

**No. 8821.**

District of Columbia Court of Appeals.

Argued May 6, 1975.

Decided July 16, 1976.

---

Peter R. Sherman, Washington, D. C., for appellant. Margaret A. Beller, Washington, D. C., appeared on the brief for appellant.

Peter R. Rosenblatt, Washington, D. C., for appellee.

Before REILLY, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

Appellant, Jeanne Maynard, and appellee Leonard Maynard, were married in the District of Columbia in June, 1951. Two children were born of the marriage. In October, 1972, while still living in the District of Columbia, they separated and Mr. Maynard left the marital abode. He voluntarily sent Mrs. Maynard approximately $556 biweekly for support and maintenance until June, 1973, at which time he reduced his payments to $250 biweekly.

In July, 1973, Mrs. Maynard filed suit against Mr. Maynard for support and maintenance and for custody of their youngest child, who was still a minor. Her complaint was dismissed in December, 1973. However, she was permitted to file an amended complaint, which she did in January, 1974. Mr. Maynard answered and counterclaimed for (1) his share of the proceeds from the sale of the marital abode on July 2, 1973, which was in escrow, plus interest; (2) damages for Mrs. Maynard's alleged appropriation of his assets and those jointly owned assets to which he was entitled; (3) custody of the minor child; and (4) divorce, based on voluntary separation.

In March, 1974, Mr. Maynard obtained a default judgment under Superior Court Domestic Relations Rule 55 against Mrs. Maynard for her failure to plead or defend against the counterclaims. At that time Mr. Maynard withdrew his counterclaim for divorce as it could not be granted by default (Domestic Relations Rule 55). On April 15, 1974, after an *ex parte* hearing under Domestic Relations Rule 55, the trial court issued an order awarding Mr. Maynard (1) the proceeds from the sale of the jointly owned home held in escrow, plus interest; (2) $17,616.08 as damages for jointly held property found to belong to Mr. Maynard; and (3) custody of the minor child, then age 19. At this time Mr. Maynard's counterclaim for divorce was reinstated and Mrs. Maynard was ordered to answer within twenty days.

She subsequently moved to set aside the default judgment. Her motion was granted subject to the condition that she (1) post a surety bond for $17,616.08; (2) turn over one-half of the proceeds from the sale of the jointly owned home to her husband and deposit the other half in a bank at the highest possible interest under the joint control of the parties; and (3) pay any

expenses incident to Mr. Maynard's appearance at any future hearings.[1]

Mrs. Maynard appeals on the grounds that (1) the trial court was without jurisdiction to apportion the jointly owned assets of the parties; (2) a default was not properly entered under Superior Court Domestic Relations Rule 55 as she did not receive notice of the default and *ex parte* hearing until she received notice of the order of April 15, 1974; and (3) the conditions imposed by the trial court in its order of August 2, 1974, to set aside the default judgment were unreasonable. We hold that the trial court did not have the authority to apportion the property.

As of this date they are still legally married. Their home in Washington was owned as tenants by the entireties as is the money from the proceeds of the sale of the home, which was placed in escrow. The $17,616.08 awarded to Mr. Maynard also represents jointly held property including a jointly held bank account.

In a similar case, *Ridgely v. Ridgely*, D. C.App., 188 A.2d 296 (1963), this court held that unless a divorce is granted or the parties consent, the trial court is without the authority to order a division of jointly held property. *See* D.C.Code 1973, § 16–910.

The trial court, in this case, was without authority to award to Mr. Maynard the proceeds from the sale of the home, owned as tenants by the entireties, and the jointly held property. The action for custody of the then minor child, which is now moot as she is presently 21,[2] did not give the trial court the authority to apportion the property.[3]

Accordingly, the trial court's order of August 2, 1974, is vacated except as it relates to Mr. Maynard's right to be present at any hearings unless he specifically waives that right. All reasonable expenses of his travel and living accommodations to enable him to appear, should he still be living abroad, are to be paid by Mrs. Maynard. Lastly, sections 1, 2, 3 and 4 of the trial court's order of April 15, 1974, are reversed and the case is remanded to the trial court for further proceedings.[4]

*Reversed in part and remanded for further proceedings.*

---

1. Mr. Maynard, who worked for the State Department, was stationed in Vientiane, Laos at the time of this appeal.

2. The trial court properly entered a default judgment against Mrs. Maynard except as to the custody of the minor child and the amount of the child's support until the age of majority as Mrs. Maynard was not actually in default for failure to plead with regard to the custody counterclaim. Mrs. Maynard originally sued for custody of the child.

3. Appellee's reliance on D.C.Code 1973, § 11–1101 is misplaced. D.C.Code 1973, § 11–1101 deals with the subject matter jurisdiction of the Family Division of the Superior Court. It does not give the trial judge the authority to award jointly held property in custody or support cases where the parties involved are not divorced and do not consent to division of the property. *Ridgely v. Ridgely, supra,* 188 A.2d at 297; D.C.Code 1973, § 16–910. There is no such consent here.

4. The divorce action in this case apparently is still pending.